## WHEELER *vs.* BRANT.

Where a dog, which has the vicious habit of attacking and biting other dogs, without being incited to do so, is suffered to go at large, and he attacks and kills the dog of a person lawfully coming upon the premises where he is, his owner is liable in damages for the value of the dog so killed, where it is shown that such owner had knowledge of the viciousness of his dog.

A dog which is accustomed to attack and bite other dogs, without being incited to do so, is a vicious animal; whether it has been trained to such habits or not.

Vicious dogs are a nuisance; and their owners must either kill them, or confine them, as soon as they have notice of their dangerous habits; or answer in damages for injuries inflicted by them.

THE facts in this case are sufficiently set forth in the opinion of the court.

*H. R. Mygatt,* for the plaintiff.

*James W. Glover,* for the defendant.

*By the Court,* BALCOM, J.  This action originated in a court held by a justice of the peace, where the plaintiff recovered a judgment for $10 damages and $5 costs.  The complaint states that the defendant, on or about the 2d day of October, 1854, wrongfully and injuriously kept a certain dog, well knowing that such dog was accustomed to attack and bite other dogs, and that such dog, whilst the defendant kept him, to wit, on the day and year aforesaid, did attack and bite, wound and injure the plaintiff's dog, in such a manner and to such an extent, that the plaintiff's dog died of the wounds and injuries so received.  Also, that the defendant, whilst he kept his dog as aforesaid, to wit, on the day and year aforesaid, wrongfully, carelessly and improperly suffered such dog to go at large and unconfined, without being properly secured, and without taking due care or precaution to secure the same, in that behalf; and which said dog did attack, bite and wound and injure the plaintiff's dog; in consequence of which the plaintiff's dog died; to the damage of the plaintiff of $100.  The defendant answered by denying each and every allegation in the complaint.

Wheeler *v.* Brant.

The evidence shows that the plaintiff's dog was a small one, and a pet or sporting animal, and that it followed him to the defendant's house one afternoon or evening, where it was attacked and bitten so badly by the defendant's dog that it died. The defendant's dog was much larger and stronger than the plaintiff's, and it had previously attacked and bitten other dogs without being told to do so, to the knowledge of the defendant. It was not tied or secured in any manner, to prevent its doing mischief. The plaintiff went to the defendant's house to see him, at the time his dog was bitten; but it does not appear what business the plaintiff had there with the defendant.

The issue was tried by a jury. If the evidence does not conclusively establish the foregoing facts, the jury was warranted in finding such facts from the evidence. The Chenango county court reversed the judgment of the justice, upon the ground that there was no evidence "showing the defendant's dog of vicious habits." The county judge clearly erred in so holding. The defendant's dog had previously attacked a shepherd dog and got it down, and the defendant had to choke his dog to get it off. One witness said he regarded the defendant's dog "as rather savage." Another witness stated that the defendant's dog had "pitched on to his dog" in the defendant's presence. A third witness testified that the defendant's dog had "pitched on to his dog" within a year before the plaintiff's dog was bitten, and that the defendant "knew it, and helped get his dog off as quick as he could." A fourth witness said he saw the defendant's dog "pitch on to his dog, when the defendant called him out and whipped him." This was the winter previous to the attack upon the plaintiff's dog.

This evidence was sufficient to authorize the jury to find that the defendant knew his dog had the vicious habit of attacking and biting other dogs, without being incited to do so, before it bit the plaintiff's dog. (*Loomis* v. *Terry*, 17 *Wend.* 500. *Buckley* v. *Leonard*, 4 *Denio*, 500. *Jones* v. *Perry*, 2 *Esp. R.* 482.) There can be no doubt but that a dog which is accustomed to attack and bite other dogs, without being incited to do so,

The defendant's counsel contends that the plaintiff was guilty of such imprudence, in allowing his dog to follow him to the defendant's house, that he was not entitled to recover. And the case of *Brock* v. *Copeland*, (1 *Esp. R.* 203,) is relied upon, as well as others, to sustain this position. This position is untenable. It is not claimed that the plaintiff went to the defendant's house for any unlawful or improper purpose, or at an improper time ; and the plaintiff did not, by simply going there, forfeit his harmless dog, because he permitted it to follow him. The defendant had no right to kill the plaintiff's dog, because it came to his house, so long as it did no mischief, even though the plaintiff committed a technical trespass by there walking upon the defendant's premises : nor had the defendant any right to cause the death of the plaintiff's dog, by the attack of an *unrestrained* vicious animal, although it was upon his own premises. - The defendant's dog was a nuisance : and so are all vicious dogs, and their owners must either kill them or confine them, as soon as they have notice of their dangerous habits, or answer in damages for their injuries.

The evidence was sufficient, upon the several points in issue, to sustain the verdict of the jury. The judgment of the county court was therefore erroneous, and it should be reversed, and that of the justice affirmed, with costs.

GRAY, J., took no part in the decision.

MASON, J., delivered an opinion, in which he came to the conclusion that the judgment of the county court should be reversed and that of the justice affirmed, with costs.

Decision accordingly.

[BROOME GENERAL TERM, January 13, 1857. *Mason, Gray* and *Balcom,* Justices.]