do nothing thereafter which would bind McKinney's estate, except, possibly, enter the judgment, and within the two years mentioned in the statute satisfy it by receiving full payment. Nothing short of full payment would authorize him to do anything which would impair the validity of the judgment, or any part of it. The general rule is that an attorney, as such, has no authority to satisfy a judgment otherwise than by full payment. Beers v. Hendrickson, 45 N. Y. 665; Arthur v. Homestead Fire Ins. Co., 78 N. Y. 462; Lewis v. Duane, 141 N. Y. 302, 36 N. E. 322. The paper which the attorney gave showed upon its face that the amount paid for the satisfaction was much less than the amount of the judgment, therefore the defendant was legally bound to know that the attorney had no authority to do what he did, and that his act would not bind his client, or relieve the city in any way, unless such act was thereafter ratified and approved by the client. McKinney died, as we have seen, over 12 months before the judgment was entered, therefore the act of the attorney was not ratified by him; and McKinney's representatives never ratified the act, because the fact is not disputed that they never received any of the money, or had any knowledge of the judgment or the satisfaction given, until 1885. It must be held, therefore, that the satisfaction was not binding upon the plaintiff, and that it relieved the city only to the extent of the costs which went into the judgment. This is what the trial judge held. He deducted from the judgment the costs included therein, and directed a verdict for the balance, with interest.

It is also urged by the appellant that the plaintiff is not entitled to interest on the judgment. A judgment, under the statute, draws interest from the time of its entry. Code Civ. Proc. § 1211.

The judgment is right, and must be affirmed, with costs. All concur.

---

## LUTZ v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. ACTIONS—PERSONAL INJURIES—DEATH OF PLAINTIFF—ABATEMENT—NONSUIT —APPEAL—ADMINISTRATOR'S RIGHTS.

Code Civ. Proc. § 764, provides that an action for personal injuries does not abate by a party's death after verdict, report, or decision, but the subsequent proceedings are the same as in a case where the cause of action survives. *Held*, that an administratrix was not entitled to prosecute on appeal, in an action for personal injuries, taken by her intestate from a judgment of nonsuit, since such judgment was not a verdict, report, or decision, within the meaning of such section.

2. SAME—COSTS.

Where plaintiff's complaint for personal injuries was dismissed, and a nonsuit entered, plaintiff's administratrix was not entitled to prosecute an appeal therefrom, taken previous to plaintiff's death, to relieve the estate from costs, where no judgment for costs had been entered against plaintiff.

Appeal from special term, New York county.

Action by Edward Lutz against the Third Avenue Railroad Company. A nonsuit was entered against plaintiff, from which he ap-

pealed. From an order granting a motion to continue the action in the name of Adolphema Lutz, plaintiff's administratrix, and granting leave to her to prosecute such appeal, defendant appeals. Reversed, and motion denied.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Henry Siegrist, Jr., for appellant.
Frank M. Hardenbrook, for respondent.

INGRAHAM, J. The action was brought to recover for personal injuries caused by the negligence of the defendant. Issue was joined, and the action came on for trial, and resulted in the dismissal of the complaint, and judgment was then entered April 22, 1899. From this judgment the plaintiff appealed, and pending that appeal died, and letters of administration were issued upon his estate by the surrogate of New York county. The plaintiff then moved that the action be continued in the name of the administratrix, and that she be allowed to prosecute said appeal, which motion was granted, and from the order entered thereon the defendant appeals.

The action abated upon the death of the plaintiff, and, unless some right is given to the administratrix to continue the action, the motion should not have been granted. Hegerich v. Keddie, 99 N. Y. 259, 1 N. E. 787; Brackett v. Griswold, 103 N. Y. 425, 9 N. E. 438. It does not appear that any provision of the Code applies. Section 755 provides that an action does not abate by any event, if the cause of action survives or continues. Here, however, the cause of action did not survive, but abated by the death of the plaintiff prior to his recovering a judgment. By section 764 of the Code it is provided that after "verdict, report or decision," in an action to recover damages for a personal injury, the action does not abate by the death of the party, but the subsequent proceedings are the same as in a case where the cause of action survives. Here it does not appear that there has been either "a verdict, report or decision." The complaint was dismissed upon the trial. There was a nonsuit, but no verdict. Nor was there a report or decision. The word "decision," as used in the section, refers to a decision made by the court upon the trial of the issues without a jury; and the word "report" refers to a report of a referee upon the trial of the issue before a referee. A nonsuit is not, therefore, "a verdict, report or decision," within the meaning of section 764 of the Code. Corbett v. Railway Co., 114 N. Y. 581, 21 N. E. 1033. Nor can it be claimed that the administratrix had a right to continue the action, so as to relieve the estate from the obligation to pay the costs of the action, as it does not appear that any judgment for costs against the plaintiff has been entered. All that appears from the record is that upon the trial the complaint was dismissed, and upon such dismissal a judgment dismissing the complaint was entered. It is quite apparent that the plaintiff can gain no advantage by continuing the action; for, if the judgment should be reversed and a new trial ordered, no new trial could be had, as the cause of action does not survive. The cases of Wood v.

Phillips, 11 Abb. Prac. (N. S.) 1; Carr v. Rischer, 119 N. Y. 117, 23 N. E. 296; Vitto v. Farley, 6 App. Div. 482, 39 N. Y. Supp. 683,—do not apply. In those cases there had been a verdict in favor of the plaintiff, and it was held that the representative of a deceased plaintiff in such an action had a right to sustain that verdict, and, although such verdict had been set aside, an appeal for the purpose of having it restored could be continued in the name of the personal representatives of the deceased. As was said by Rapallo, J., in Wood v. Phillips, in such a case "the verdict becomes property which passes to the representatives of the deceased, as a judgment would at common law. It becomes the duty of the executor or administrator to defend it for the benefit of the estate. If set aside after the death of the party, there seems to be no reason why the representative should not be entitled to prosecute such appeal as the law allows for the purpose of having it restored. He is not in such a case prosecuting an action for the original tort, but is endeavoring to save and restore the verdict." There being in this case no verdict to sustain, the only object of the appeal is to reverse the judgment of nonsuit, so as to award the plaintiff, or the personal representatives of the plaintiff, a new trial of the action to recover for the original tort. No such new trial could be had, for the cause of action abated by the death of the plaintiff. Stringham v. Hilton, 111 N. Y. 188, 18 N. E. 870.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.