(87 App. Div. 104.)

### LEONARD v. DONOGHUE.

(Supreme Court, Appellate Division, Second Department. October 22, 1903.)

1. ANIMALS—INJURIES TO PERSONS—DOGS—VICIOUSNESS—PRESUMPTION.
In an action for injuries to a person from the bite of a dog, it cannot be presumed, from the fact that the owner allowed him to be at large in a highway, where plaintiff was bitten, that the owner knew that the dog was vicious.

Appeal from City Court of Yonkers.

Action by Julia Leonard, by David Leonard, her guardian ad litem, against Francis X. Donoghue. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial on the minutes, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

¶ 1. See Animals, vol. 2, Cent. Dig. § 262.

James M. Hunt (F. X. Donoghue, on the brief), for appellant.
William Riley, for respondent.

WOODWARD, J.. This action is brought to recover damages for personal injuries; the plaintiff, a girl of 16 years, alleging that she was bitten by a dog owned or harbored by Francis X. Donoghue. While it appears to us that the identity of the dog, as well as other features of the evidence, is characterized by vagueness, we should be disposed to affirm the judgment, were it not for an error in the charge of the learned court. There was some evidence that a dog—perhaps the same dog which is alleged to have bitten the plaintiff—had bitten two other persons prior to the time that the plaintiff was injured, and a case was presented for the jury to determine whether the defendant had notice of the vicious tendencies of the dog. In submitting the case to the jury, however, the learned court, after presuming what had not been proven—that the attack was made in a public highway—said:

"If this dog was running at large on the public highway when this girl was bitten, providing you so find, it does away with the necessity of proving actual knowledge of the vicious tendency and disposition of the dog, for he is chargeable with the vicious tendency and disposition of the dog, if the dog is running at large on the public highway."

This is undoubtedly the rule applied to wild animals, such as bears, wolves, panthers, lions, etc.—animals which are by nature wild and vicious—but no authority which we have been able to discover holds that domestic animals, such as horses, dogs, oxen, etc., are presumed to be vicious, and therefore dangerous to the community when upon the public highways. The rule is stated in Quilty v. Battie, 135 N. Y. 201, 204, 32 N. E. 47, 17 L. R. A. 521 (citing Anderson on Torts), that, "as soon as such an animal is known to be mischievous, it is the duty of the person whose premises it frequents to send it away or cause it to be destroyed," and that a "vicious domestic animal, if permitted to run at large, is a nuisance, and a person who knowingly keeps or harbors it, and thus affords it a place of refuge and protection, is liable for the maintenance of a nuisance, and for all the damages directly resulting from it." ' But it is nowhere suggested that a dog running at large may be presumed to 'be vicious; the liability depends upon the owner or harborer keeping the dog with knowledge of his faults; and in Lynch v. McNally, 73 N. Y. 347, 350, it was said that "ordinary familiarities with a dog running loose can scarcely be called negligence in any degree. They are not acts from which any bad consequences would naturally follow—certainly not from a peaceful dog, which, it may be presumed, every dog at large is." It was suggested in the case of Hahnke v. Friederich, 140 N. Y. 224, 227, 35 N. E. 487, that, "when a person keeps a dog for the purpose of guarding his property against trespassers or criminals, it is not unreasonable to infer knowledge on his part of the propensity of the dog to attack and bite mankind, and negligence in allowing him to be at large"; but there was no evidence in this case that the dog was used as a watchdog, and, if there had been, it would not relieve the charge of error, which directed the jury that it might infer the vicious tendency

of the dog from the fact that he was at large in the public highway. This error was called to the attention of the court by an exception, and was in no manner modified. The evidence identifying the dog with the alleged previous attacks upon others and with the attack upon the plaintiff was vague and unsatisfactory at best, and this charge on the part of the court that the character of the dog, and knowledge of his vicious propensities, might be inferred from the fact that the attack was made in a public highway, could hardly have failed to prejudice the defendant before the jury.

. The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.