## HUGHES v. RUSSELL et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

ABATEMENT AND REVIVAL—DEATH OF PARTY—SURVIVAL OF ACTION.

> Under Code Civ. Proc. § 764, providing that after verdict, report, or decision in an action for personal injuries, the action does not abate by the death of a party, but the subsequent proceedings are the same as in a case where the action survives, and in case said verdict, report, or decision is reversed on questions of law only, the action does not abate by the death of the party against whom it was rendered, where a verdict was reversed before the death of a party, the action abates at his death.
>
> [Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Abatement and Revival, § 354.]

Appeal from Special Term, Richmond County.

Action by Michael J. Hughes against Thomas Russell. From an order granting a motion to continue the action against William R. Wilder and another, as executors of Thomas Russell, after his death, the executors appeal. Reversed, and motion denied.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

John Ewen, for appellants.

Millard F. Tompkins (Herbert C. Smyth, on the brief), for respondent.

RICH, J. This is an appeal by the executors of the deceased defendant from an order of Mr. Justice Dickey, continuing the action against them as such executors and granting plaintiff leave to file a supplemental complaint. The action was brought to recover damages for personal injuries alleged to have been sustained through the defendant's negligence. It was commenced on October 16, 1903. Issue was joined by the service of defendant's answer on November 24,

1903. The case was tried in March of 1904, and plaintiff obtained a verdict. An appeal was taken to this court from the judgment entered upon the verdict, which was reversed in April, 1905. 104 App. Div. 144, 93 N. Y. Supp. 307. The defendant died May 22, 1905, and letters testamentary issued to the appellants on June 7, 1905. The order appealed from continuing the action against them was granted December 15, 1905.

Unless the cause of action comes within one of the exceptions stated in section 764 of the Code, it abated upon the death of the defendant, and the order appealed from was unauthorized. This section as originally enacted provided:

"* * * After verdict, report or decision in an action to recover damages for a personal injury, the action does not abate by the death of a party, but the subsequent proceedings are the same as in a case where the cause of action survives."

It has been held several times under this section that it did not have the effect of preventing the abatement of an action in which a judgment had been rendered, but reversed, before the death of the party. Smith v. Lynch, 8 N. Y. St. Rep. 341; Carr v. Rischer, 119 N. Y. 117, 23 N. E. 296; Kelsey v. Jewett, 34 Hun, 11. In 1890 the section was amended by adding to the provision above quoted the following:

"And in case said verdict, report or decision is reversed upon questions of law only, said action does not abate by the death of the party against whom the same was rendered."

To what verdict, report, or decision does this provision of the section apply? I think it was only intended to apply to one operative and in force at the death of the party. At the time of defendant's death the judgment theretofore rendered had been reversed, and there was no judgment, report, or decision in existence. So far as the cause of action was concerned, it stood exactly the same as though the issues had never been tried, and the relation of the parties must be so regarded. When the defendant died the action against him was at issue—ready for trial—with no verdict, report, or decision affecting the issues in any way. That the amendment to the section was intended to apply only to a case where the judgment was reversed subsequent to the death of a party is evidenced by the wording that "said verdict, report or decision"—that is, the verdict that would not have survived the reversal, before the death—does not abate by the death of the party against whom it is rendered, when reversed upon questions of law only. I think the legislative intent was that the cause of action should survive only in case the verdict, report, or decision was reversed, upon questions of law only, after the death of a party, and that the cause of action abates, in an action to recover for personal injuries, where the verdict of the jury is set aside or judgment entered thereon reversed, when the party against whom the same was rendered dies before another trial is had.

There is a further reason why this order cannot stand. The section expressly provides that the cause of action does not abate when the reversal is upon questions of law only, while in the case at bar the reversal was upon questions of fact, as well as of law.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with costs. All concur.