acted on it, nor did he assume to dismiss the relator after a trial of which the relator had notice, and at which he was present, but dismissed him under the provisions of the charter to which attention has been called. What the relator now seeks is to be reinstated, and the burden is on him to prove in a proper proceeding that his absence which required his dismissal was not voluntary or intentional, and therefore could not be treated as a resignation. But to entitle him to reinstatement he must prove that fact in a proper proceeding, and, as there is no proof of that fact in the proceeding before us, we cannot act upon it.

The determination which is sought to be reviewed is entirely regular and required by the charter, and this proceeding cannot be maintained.

It follows that the writ must be dismissed, with costs. All concur.

---

MALLOY v. STARIN.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. ANIMALS—WILD ANIMALS—PERSONAL INJURIES—NEGLIGENCE OF KEEPER —COMPLAINT.

A complaint in an action against a carrier for injuries committed by a wild animal in its possession, which alleges that the injuries were caused by the negligence of the carrier in permitting the animal to remain on a dock without being properly caged, and without having a competent person in charge who could warn people approaching near the cage, and in allowing the animal in the cage in which it was confined to be in such a position that it could grasp the person injured, and that had the carrier discharged the duty by having the animal caged and guarded the accident would not have happened, and that pursuant to the laws of the state in which the accident happened, a person injured solely through the negligence of another has a right of action for the injuries sustained, states a cause of action for negligence only.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Animals, § 258.]

2. SAME—LIABILITY FOR INJURIES.

A carrier transported a wild animal inclosed in a cage. When the animal was removed at the point of destination it was properly secured, the slide covering the space at the bottom of the cage being closed. The cage was deposited in a freight house. No employé of the carrier interfered with the cage, but that was done by the owner of the animal accompanying the shipment. An infant was injured by the animal in consequence of the slide covering the space at the bottom of the cage being opened. *Held* not to show negligence on the part of the carrier, it not being bound to anticipate either that the condition of the cage would be changed or that persons would enter the freighthouse.

3. SAME.

The keeper of a wild animal, with knowledge of its vicious propensity, is liable for injuries caused by it, without reference to his negligence and the contributory negligence of the person injured.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Animals, § 227.]

4. SAME—KNOWLEDGE OF VICIOUS CHARACTER OF ANIMAL.

A carrier, undertaking to transport a bear, kept the animal after its arrival at the point of destination until the freight charges were paid. People, with the knowledge of the carrier, were in the habit of going into the freighthouse in which the animal was placed, and on conflicting evidence the jury were authorized to find that it was in a place to which the public had access. *Held*, that the carrier, being chargeable with

knowledge of the vicious character of the animal, was liable for injuries received by a person in consequence of being caught by the bear, where such person did not voluntarily and unncessarily place himself in the way of the animal.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Animals, §§ 227, 228, 237.]

5. SAME—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

Where, in an action against a keeper of a wild animal for injuries committed by it, the court charged that if the accident was due to the vicious nature of the animal the jury should consider whether or not it was in consequence of the person injured coming into such close proximity of the cage confining the animal as to excite it, and referred to the person injured as standing in such proximity to the cage as to excite the animal, and that if the person injured did so he was chargeable with contributory negligence, it was error to refuse to charge that if the person injured (a boy nine years of age), approached the cage containing the animal knowing that the animal was confined therein, and stood within 18 inches of the front of the cage, and was seized by the animal while standing there and injured, he was guilty of contributory negligence precluding a recovery.

6. SAME—WHAT CONSTITUTES CONTRIBUTORY NEGLIGENCE.

A person voluntarily and unnecessarily placing himself within the reach of a wild animal, with knowledge that the animal is wild, and is injured, must be deemed to have brought the injury upon himself, and cannot recover from the keeper of the animal.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Animals, §§ 238–241.]

Appeal from Trial Term, New York County.

Action by Walter Malloy, an infant, by William H. Gardner, his guardian ad litem, against John H. Starin. From a judgment for plaintiff, and from an order for a new trial, defendant appeals. Judgment and order reversed, and new trial ordered.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, McLAUGHLIN, and HOUGHTON, JJ.

D. W. Richards, for appellant.
J. Deyo, for respondent.

PATTERSON, J. The infant plaintiff, a lad of about nine years of age, was very seriously injured by a bear which was in the possession of the defendant, a common carrier. This action was brought to recover damages for such injuries, and the right to recover is in the complaint placed directly upon the ground of negligence, consisting of the omission of the defendants' servants to do certain specific things. The case went to the jury on the charge of the judge as one involving the issue of negligence and contributory negligence. The plaintiff had a verdict, and from the judgment entered thereon, and from an order denying a motion for a new trial, the defendant appeals.

The following facts are uncontradicted on the record: The defendant was the proprietor of a line of steamboats carrying freight and passengers, plying between the city of New York and the city of New Haven, Conn. On or about the 25th day of May, 1903, there were received on board one of his boats for transportation from New York to New Haven four bears belnging to one Batty, who accompanied the animals in transit. The bears were confined in cages or crates, and

were chained therein. Among them was a large bear, the one which inflicted the injuries upon the plaintiff. The cage or crate in which this bear was confined and secured had three solid wooden sides a solid wooden top and bottom, and in front a grating, with a wooden slide, which could be let down so as to completely close up the cage. The iron grating uprights were fixed in a transverse bar of iron about 8 or 10 inches above the bottom of the cage. When the slide was raised, there was an open space 8 or 10 inches in height between that bar and the bottom of the cage. At about half past 4 o'clock on the morning of the 26th of May, 1903, the animals were removed by the defendant's servants from the steamboat at New Haven to a dock belonging to the defendant, and were placed in a freight shed or house on such dock. At that time the slide at the front of the cage in which the large bear was confined was down, and the animal was completely inclosed. The cages were arranged in pairs opposite each other, with an intervening space or passage of a few feet. At about a quarter past 6 o'clock in the morning, Batty, the owner of the animals, went into the shed or house for the purpose of feeding the bears or giving them water. He lifted the slide of the cage in which the large bear was secured, so as to leave exposed the opening between the iron bar in which the uprights of the grating were inserted and the bottom of the cage. He went away, leaving the cage in that condition. At about half past 7 o'clock the infant plaintiff and his brother came on the dock for the purpose of looking at the bears, the arrival of which they had anticipated. The public had access to the dock. The plaintiff and his brother entered the freight shed, and stood in the passageway between the four cages. The plaintiff was within 18 inches of the cage containing the large bear, his back turned towards that cage. One of his feet was raised and nearer the cage, and while the plaintiff was in that attitude the bear thrust its claws through the open space above described, pulled the boy's foot into the cage, and mangled it so that amputation became necessary.

It is alleged in the complaint that the injuries sustained by the infant plaintiff were caused by and resulted from the carelessness and negligence of the defendant, his servants, agents, or employés, in allowing and permitting the bear to be and remain upon the dock without being properly caged, guarded, or protected, and without having a proper and competent person in charge, who could have given warning to people approaching near said cage, or of the dangers which attended the presence of the bear upon the dock, and in allowing the bear and the cage in which it was confined to be in such a position that the animal could grasp the infant, and that, had the defendant discharged the duty which it owed to the plaintiff by having the bear safely caged, guarded, and in a proper condition and position upon the dock, the accident would not have happened, and that by reason of the defendant's failure to discharge this duty which he owed the plaintiff the injuries were received without any fault or negligence on the infant's part. That the plaintiff intended to declare as in a simple action for negligence is also manifest from the fact that in the complaint it is alleged, that pursuant to the laws of the state of Connecticut,

a person injured solely through the negligence and carelessness of another has a right of action against such person to recover damages for the injuries sustained.

Regarded solely as an ordinary action to recover damages for injuries caused by negligence, in which action the burden of proof is upon the plaintiff to establish the particular acts alleged as constituting negligence, we think the verdict of the jury must be regarded as against the weight of evidence. Viewed simply as such an action, and irrespective of another consideration, which will be adverted to presently, we fail to see that the defendant neglected any duty which he owed to the infant plaintiff. It is clearly shown that when the bear was removed from the steamboat it was properly secured. The slide covering the space at the bottom of the cage was closed. The cage was not left on the dock, but was deposited in a shed or house in which freight was stored. No employé of the defendant interfered with the cage, or was in any way connected with the act of lifting the slide. That was done by the owner of the animal, and it is to him that negligence is to be imputed. The defendant and his servants were not bound to anticipate either that the condition of the cage would be changed by any one, or that persons impelled by curiosity would enter the freighthouse. In these circumstances, we do not think it was the duty (still viewing the case as an ordinary one of alleged negligence) of the defendant to have men stationed at the cages to notify persons that bears were confined therein, or to do anything other or further with regard to the animals than was done.

But the case is presented by the plaintiff as one in which the liability of the defendant does not depend upon precise proof of negligent acts or omissions, but upon an irrebuttable presumption of negligence, deducible from the fact that the defendant had in his custody and under his control a wild animal with knowledge of its propensities. The law is well settled that the owner or keeper of a wild or of a vicious animal, knowing its propensities, is liable for injuries caused by it, and that negligence, in the ordinary sense of the word, is not an element in the cause of action, nor is contributory negligence, in the ordinary sense of that phrase, a defense. Lynch v. McNally, 73 N. Y. 349; Keenan v. Percha Co., 46 Hun, 544. In the Lynch Case it is said that the action is based upon the keeping of a vicious animal with knowledge of its propensities, and, if injury ensues, the owner is liable, and that if negligence is an element at all it is not so in the ordinary sense of that term, but consists in the act of keeping the animal with knowledge of its disposition. In Spring Co. v. Edgar, 99 U. S. 645, 25 L. Ed. 487, the court remarks, speaking of May v. Burdett, Law Rep. 9 Q. B. 99, that "it is important to observe that the gist of the action is the keeping of the animal after knowledge of its mischievous propensities." In May v. Burdett, supra, it is said that a person keeping a ferocious animal is bound to keep it secure at his peril, and if it does mischief negligence is presumed. In Earl v. Van Alstine, 8 Barb. 630, it is said that the negligence consists, not in the manner or care of confining the animal, but in the fact that it is ferocious, and that the keeper knows it, and that proof that it is

of a savage and ferocious nature is equivalent to proof of express notice. In Card v. Case, 57 Eng. C. L. R. 622, the court said that "the circumstances of the defendants keeping the animal negligently is not essential, but the gravamen is the keeping of a ferocious animal." In Van Leuven v. Lyke, 1 N. Y. 516, 49 Am. Dec. 346, it is said that:

"As to animals such as lions, bears, tigers, and the like, the person who keeps them is liable for any damage they may do without notice, on the ground that by nature such animals are fierce and dangerous. The rule is that one who keeps lions, tigers, or other fierce and dangerous animals is liable at all events for an injury they may do."

In American and English Ency. of Law (2d Ed.) p. 351, it is stated that:

"The owner of wild animals or anim' feræ naturæ is as a general rule liable for all injuries done by them. It is not necessary to prove that the owner had knowledge of the vicious nature of the animal causing the injury, as he is conclusively presumed to have such knowledge."

In Leonard v. Donohue, 87 App. Div. 104, 84 N. Y. Supp. 60, the court says:

"That the keeper or owner of an animal, such as bears, wolves, panthers, lions, etc., animals which are by nature wild and vicious, is chargeable with knowledge of their vicious tendency and disposition."

It is unnecessary to determine now how, or whether, as a general rule, negligence is involved in the subject under consideration, or whether liability accrues from the mere fact of keeping a wild animal. It is claimed by the defendant, however, that he was neither the owner nor the keeper of the bear, and that it was not in a place to which the public had access. That he was not the owner of the bear is manifest, but that it was in the custody and under the control of the defendant's servants is also clear. The defendant had the animal in his charge as a bailee. He had undertaken to transport it to New Haven, and after its arrival it was kept upon his premises there until the freight charges were paid. It was in his keeping. Knowledge of the vicious character of the animal is imputable to him as matter of law. Courts have gone so far as to hold that a ship is liable in admiralty to a person bitten by a vicious dog chained in the cabin of the ship. The Lord Derby (C. C.) 17 Fed. 265. There was evidence in the present case sufficient to show that people were, with knowledge of the defendant's servants, in the habit of going upon defendant's dock at New Haven and into the freighthouse in which the bear was placed, and on conflicting evidence the jury were authorized to find that the bears were in a place to which the public had access. But it is announced as the law of this state in Muller v. McKesson, 73 N. Y. 201, 29 Am. Rep. 123, that:

"If a person with full knowledge of the evil propensities of an animal wantonly excites him, or voluntarily and unnecessarily puts himself in the way of such an animal, he would be adjudged to have brought the injury upon himself, and ought not to be entitled to recover. In such a case, it cannot be said, in a legal sense, that the keeping of the animal, which is the gravamen of the offense, produced the injury. Coggswell v. Baldwin, 15 Vt. 404, 40 Am. Dec. 686; Koney v. Ward, 36 How. Prac. 255; Wheeler v. Brant, 23 Barb. 324; Blackman v. Simmons, 3 Car. & P. 138; Brock v.

Copeland, 1 Esp. 203; Bird v. Holbrook, 4 Bing. 628. But, as the owner
is held to a rigorous rule of liability on account of the danger to human
life and limb by harboring and keeping such animals, it follows that he
ought not to be relieved from it by slight negligence or want of ordinary
care. To enable an owner of such an animal to interpose this defense, acts
should be proved, with notice of the character of the animal, which would
establish that the person injured voluntarily brought the calamity upon him-
self."

The trial judge in alluding to the subject stated in his charge to
the jury that, in the event of their finding that the accident was due,
as claimed, to the savage nature of the beast, they should consider
whether or not it was in consequence, as claimed by the defendant,
of his coming into such close proximity to the cage as to excite the
bear, and again referred to the plaintiff as standing in such proximity
to the cages as to excite the ire of the bear, and he said that if that
were done the plaintiff was chargeable with contributory negligence.
The defendant requested the court to charge that:

"If the plaintiff was a bright active boy, nine years of age, who had been
to school several years, and who assisted at home and did errands for his
parents, and if he goes upon an inclosed pier, the property of defendant,
where the business of unloading freight was then going on, and if the boy
there approached cages containing bears, knowing that there were bears
therein, and stood within eighteen inches of the front of one of these cages,
the front being a grated front, partly covered by a wooden screen, and
is seized by one of said bears while standing there, and injured, he cannot
recover for such injuries, but is guilty of contributory negligence."

The court refused to charge that request in the form in which it
was presented, and assigned as a reason that it left out of consideration
of the jury certain elements to which their attention had already
been called. What those elements were is not stated.

We think the defendant was entitled to this instruction, and that
it presented distinctly the question of the infant plaintiff having volunta-
rily put himself in a place of danger. The charge as made did not refer
to that separate consideration. It only referred to it in connection with
the plaintiff exciting the bear. There was evidence in the case from
which the jury might have found that the infant plaintiff, with knowl-
edge of the dangerous character of the beast, voluntarily placed him-
self in a position in which he could be injured. He went to the dock
for the purpose of seeing the bears. He entered the house in which
the bears were deposited. He walked into the passage between the
cages. He turned his back to the cage in which the large bear was
confined, and raised his foot, so that it came within reach of the bear.
It is not to be presumed that a boy nine years of age does not know
that a bear is a wild and vicious animal. It is very true that in the
request the words "contributory negligence" are used, but that request
is not vitiated by such use when we consider the manner in which
the case was treated, namely, as one involving the issue of contributory
negligence. The defendant was entitled to the instruction asked for,
irrespective of any act of the boy which may have excited the bear.
Had the plaintiff voluntarily and unnecessarily placed himself within
reach of the wild animal, he knowing it to be wild, and was injured,
to use the language of the court in Muller v. McKesson, supra, "he

would be adjudged to have brought the injury upon himself, and ought not to be entitled to recover."

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; INGRAHAM and HOUGHTON, JJ., in result.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and HOUGHTON, JJ.