(134 App. Div. 542.)

## MOLLOY v. STARIN.

(Supreme Court, Appellate Division, First Department. November 19, 1909.)

ABATEMENT AND REVIVAL (§ 69*)—PERSONAL INJURY—REVERSAL OF JUDGMENT.
   Under Code Civ. Proc. § 764, providing that, after verdict in an action for personal injuries, the action does not abate by the death of a party, and if said verdict is reversed on questions of law alone the action does not abate by the death of the party against whom it is rendered, an action in which the verdict against defendant is reversed in the Court of Appeals, and the judgment is "reversed, annulled, and held for nothing," abates on death of the defendant thereafter and before another trial is had, especially in view of section 765, providing that this title does not authorize a judgment against a party who dies before a verdict is actually rendered against him.
   [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 349–354; Dec. Dig. § 69.*]

Appeal from Special Term, New York County.

Action by Walter R. Molloy, an infant, by his guardian ad litem, against John H. Starin. From an order denying a motion for leave to serve a supplemental complaint, and to continue the action against the representative of the defendant, plaintiff appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Jonathan Deyo, for appellant.
Dickinson W. Richards, for respondent.

SCOTT, J. This is an appeal by plaintiff from an order denying his motion to revive the action against the executor and executrix of John H. Starin, deceased. The action sounds in tort, being for damages for what is claimed to have been Starin's negligence. Upon the first trial of the cause plaintiff recovered a verdict, which was reversed by this court.[1] Upon a second trial plaintiff again recovered, and his judgment was affirmed by this court.[2] An appeal was taken to the Court of Appeals, which reversed the judgment[3] and ordered a new trial; the judgment being "reversed, annulled, and altogether held for nothing." The order upon the remittitur from the Court of Appeals was entered January 29, 1908. Before another trial was had, and on March 23, 1909, John H. Starin died, and the question here is whether or not the cause of action survived his death.

The plaintiff relies upon Section 764, Code of Civil Procedure, which reads as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
[1] 113 App. Div. 852, 99 N. Y. Supp. 603.          [2] 119 App. Div. 884, 104 N. Y. Supp. 1133.
          [3] 191 N. Y. 21, 83 N. E. 588, 16 L. R. A. (N. S.) 445.

"After verdict, report or decision in an action to recover damages for personal injury, the action does not abate by the death of the party, but subsequent proceedings are the same as in a case where the cause of action survives, and in case said verdict, report or decision is reversed upon questions of law only, said action does not abate by the death of the party against whom the same was rendered."

The plaintiff's reliance is upon the last sentence of the section, which was added in 1890, which, as he contends, provides for the survival of a cause of action for tort, and a revival of the action against the executors of the tort-feasor, even if, at the time of his death, there was no judgment extant against him. We cannot agree with this construction of the statute. It was repeatedly held that the section of the Code as it stood before the amendment of 1890 did not operate to prevent the abatement of an action in which a judgment had been rendered, but had been reversed before the death of a party. By its terms it operated only upon judgments which were outstanding when the party died, and then did not authorize a new trial in case of reversal. Stringham v. Hilton, 111 N. Y. 188, 18 N. E. 870, 1 L. R. A. 483; Carr v. Rischer, 119 N. Y. 125, 23 N. E. 296; Lutz v. Third Ave. R. R. Co., 44 App. Div. 256, 60 N. Y. Supp. 761. The amendment of 1890 provides for a case in which "said verdict, report or decision is reversed," thereby showing plainly that it was intended to apply only to cases in which there was an existing judgment when the party died, which was reversed after his death. This is the construction put upon the section as it now stands by the Appellate Division in the Second Department in Hughes v. Russell, 113 App. Div. 744, 99 N. Y. Supp. 203. With the conclusions arrived at by that court we entirely concur.

In the present case there was no judgment outstanding at the time of Starin's death, and section 764 has no application. This view is confirmed by the language of section 765:

"This title does not authorize the entry of a judgment against a party who dies before a verdict, report or decision is actually rendered against him. In that case the verdict, report or decision is absolutely void."

The former judgment against Starin was absolutely wiped out by its reversal by the Court of Appeals. It was "altogether held for nothing." The plaintiff and Starin stood towards each other, when the latter died, percisely as if no judgment had ever been rendered in the action. If none had ever been rendered, no one would argue that the cause of action survived by reason of section 764.

The order appealed from is affirmed, with $10 costs and disbursements. All concur.