WILLIAM A. McDONNELL, Respondent, v. BERENT C. GERKEN
and Others, Copartners Doing Business under the Firm
Name of ADLER & ECKSTEIN, Appellants.

First Department, July 1, 1921.

Nuisance — action to recover for injuries suffered from faulty
operation of freight elevator upon theory that it was of dangerous
construction and unlawfully maintained — defendant not liable
where structure was lawfully constructed and not dangerous for
purpose for which maintained — negligence not shown.

The complaint should have been dismissed in an action for personal injuries
brought on the theory of nuisance, where it appeared that the plaintiff
was injured while aboard an elevator constructed and maintained for
use as a freight elevator and not for the transportation of persons and
that the structure was wholly within the defendant's premises, lawfully
constructed and not dangerous when used for the purpose for which it
was constructed and maintained.

The danger of injury to others in the use of a structure must be apparent
and reasonably to be apprehended in order to constitute a nuisance.

If injury occurred to plaintiff by reason of the careless operation of the
elevator, his redress would be in an action for negligence and not nuisance.
But the plaintiff failed to show negligence by any one for whose act any
of the defendants would have been responsible.

APPEAL by the defendants, Berent C. Gerken and others,
from ·a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of
New York on the 16th day of January, 1920, on the verdict
of a jury for $15,000, and also from an order entered in said
clerk's office on the 30th day of January, 1920, denying defend-
ants' motion for a new trial made upon the minutes.

*Walter G. Evans* of counsel [*G. Everett Hunt,* attorney],
for the appellant Gerken.

*James J. Mahoney,* attorney for the appellants Adler &
Eckstein.

*Vincent L. Leibell* of counsel [*Valentine Taylor* with him
on the brief; *Phillips, Mahoney & Leibell,* attorneys], for
the respondent.

Page, J.:

The case was submitted to the jury on the theory that the freight elevator in the premises was of an obviously dangerous construction, wrongfully and unlawfully maintained.

The plaintiff was employed by the subtenant of the two upper floors of a building owned and constructed by the defendant Gerken and leased to the defendants Adler and Eckstein who occupied the first and second floors. An elevator shaft of brick extended from the ground floor to the roof on the west side of the front of the building. On the opposite side was a stairway leading to all the floors of the building. In the wall of the street side of the shaft there was a window on each floor; the casement and sashes of these windows were set into the wall so that the window panes were about eight inches from the surface of the shaft wall. In this shaft was a freight elevator, the floor of which was seven feet, five inches by five feet, eight inches. The sides of the elevator were inclosed, but the front and rear were open, to allow entrance from the street and floors of the building. It was started and stopped by a cable on which was a safety clutch; when the clutch was closed it prevented the starting of the elevator. There was no one employed to operate the car.

On the day in question the plaintiff brought furs that he had collected from the customers of his employer, and with the help of his assistant and his employer's shipping clerk loaded them on the elevator. The helper ran the elevator to the third floor, and the plaintiff rode up with the load. After his receipt book was signed, he returned to the elevator and stood looking out of the window in the elevator shaft while the furs were being transferred from the elevator. The elevator suddenly started up and the plaintiff was caught between the top of the window opening and the floor of the elevator and seriously injured.

It is not disputed that the defendant Gerken employed a competent architect to make the plans and superintend the construction of the building, including the shaft; that those plans were approved by the building and fire departments of the city of New York; that after the shaft and elevator were constructed they were inspected and tested by inspectors of those departments and found to comply with the law and

the requirements of the building department; and that they were of a type in common use in the city of New York.

The shaft and elevator were constructed and maintained for use as a freight elevator and not for the transportation of persons; in fact, a notice was conspicuously posted in the elevator: " For freight only. Persons riding on this elevator do so at their own risk." In order to constitute it a nuisance the combination of the elevator and shaft must be inherently dangerous when used for the purpose for which it was constructed and maintained. The danger of injury to others in its use must be apparent and reasonably to be apprehended.

There was no danger of injury to any person in the combination of the recess in the shaft and the elevator. The cable to operate the elevator was on the side opposite the window. Therefore, no person who would have a right, or could reasonably be expected to ride on the elevator, would have occasion to be on the side toward the window. The structure was wholly within the defendants' premises, lawfully constructed and not dangerous when used for the purpose for which it was constructed and maintained. If injury occurred to the plaintiff by reason of the careless operation of the elevator, his redress would be in an action for negligence and not nuisance. (*Glover* v. *Holbrook, Cabot & Rollins Corp.*, 189 App. Div. 328.) The plaintiff failed to show negligence of any person for whose act any of the defendants would have been liable. The complaint should have been dismissed.

The judgment and order should be reversed, with costs, and complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.