WILLIAM A. McDONNELL, Appellant, *v.* BERENT C. GERKEN et al., Copartners under the Firm Name of ADLER & ECKSTEIN, Respondents.

*Abatement and revival — action for personal injuries — reversal of verdict for plaintiff upon facts and dismissal of complaint — death of party defendant — action does not survive against his estate.*

Where, in an action to recover for personal injuries alleged to have been sustained by plaintiff through the alleged negligence of the defendants, the Appellate Division has reversed on the facts a verdict in favor of plaintiff and directed a dismissal of the complaint, the cause of action does not survive the death of one of the defendants as to him (Code Civ. Pro. § 764; Civ. Pr. Act, § 89) and, an appeal having been taken to the Court of Appeals, a motion to substitute his representative as party defendant in his place and stead will be denied.

Reported below, 197 App. Div. 446.

(Submitted December 4, 1922; decided December 12, 1922.)

MOTION to substitute in place of the defendant Gerken, deceased, his administrator with the will annexed.

*Vincent L. Leibell, Joseph Force Crater* and *Paul F. Lorzr* for motion.

*Walter G. Evans* and *G. Everett Hunt* opposed.

McLaughlin, J. This action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendants in operating a passenger elevator controlled by them. The plaintiff had a verdict upon which judgment was entered and an appeal then taken by defendants to the Appellate Division where the judgment was reversed and the complaint dismissed. The plaintiff then appealed to this court and while the appeal was pending, and before the same had been argued, Gerken (one of the defendants) died. The plaintiff then made this motion to substitute in his place his administrator with the will annexed and to continue the appeal against him and the other two defendants.

The judgment was reversed by the Appellate Division on the facts as well as upon the law. The order of reversal specifically stated that the findings of the jury that the defendants were negligent or that the elevator was faulty, defective or dangerous in its manner of construction or maintenance were unanimously reversed and the complaint dismissed on the merits.

The Appellate Division had the right to reverse upon the facts if it saw fit to do so. Having reversed on the facts the cause of action, so far as Gerken was concerned, was gone. It did not survive his death. It is only where a reversal is upon the law alone that the action does not abate by the death of a party against whom the same is rendered. Section 764 of the Code of Civil Procedure (now section 89 of the Civil Practice Act) specifically provides that after verdict, report or decision in an action to recover damages for a personal injury, the cause of action does not survive, unless the reversal is upon questions of law only. Here, the reversal was upon the facts as well as upon the law. The judgment entered on the verdict, therefore, could not be reinstated and if the judgment of the Appellate Division should be modified by ordering a new trial it would be ineffective, because a judgment could not be rendered against Gerken or his representatives, since the cause of

action as to him had, by his death, been extinguished. (*Molloy* v. *Starin*, 134 App. Div. 542; *Hughes* v. *Russell*, 113 App. Div. 744.)

It follows that the motion should be denied.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Motion denied.