Lillian Trampusch, as Administratrix, etc., of Alois Trampusch, Deceased, Respondent, v. Ernest Kastner, Defendant, Impleaded with James Markovits and Another, Doing Business under the Firm Name and Style of Markovits Bros., Appellants.

Second Department, May 6, 1935.

Joseph F. Murray [Harold P. Winans and Edward L. Johnson with him on the brief], for the appellants.

Russell H. Kruppenbacher, for the respondent.

HAGARTY, J. In the month of January, 1934, after trial in an action for personal injuries, Alois Trampusch obtained judgment against all of the defendants in the sum of $6,000. On appeal the judgment against defendant Ernest Kastner was affirmed and that against the appellants, James Markovits and Joseph Markovits, was reversed " on the law " and a new trial granted by decision of this court on the 29th day of October, 1934 (242 App. Div. 803). During the pendency of that appeal, however, and on the 18th day of April, 1934, plaintiff died, and his widow, the present plaintiff-administratrix, was substituted in his stead as party plaintiff. Thereafter, and pursuant to order made on the 20th day of December, 1934, the appellants served and filed an amended and supplemental answer, pleading that by reason of the death of the original plaintiff the action had abated, and moved for judgment on the pleadings. The motion was denied on the ground that, inasmuch as the reversal was on the law alone, the action survived by virtue of section 89 of the Civil Practice Act, which, in so far as material, reads: " After verdict, report or decision in an action to recover damages for a personal injury, the action does not abate by the death of a party, but the subsequent proceedings are the same as in a case where the cause of action survives. In case said verdict, report or decision is reversed upon questions of law only, said action does not abate by the death of the party against whom the same was rendered."

The first of the two sentences constituting section 89 of the Civil Practice Act is substantially that of section 764 of the former Code of Civil Procedure, in effect prior to 1881, which then read: " After verdict, report, or decision, in an action to recover damages for a personal injury, the action does not abate by the death of a party, *unless the verdict, report, or decision is finally set aside. Until it is finally set aside,* the subsequent proceedings, *including an appeal from an order setting it aside, or from a judgment or order reversing or setting aside a judgment entered thereupon,* are the same, as in a case where the cause of action survives." (Laws of 1876, chap. 448.)

The portion in italics was excised by amendment (Laws of 1881, chap. 277) to read as it does in its present form, with the insertion of the word " but " between the words " party " and " the subsequent proceedings," etc.

The construction of this sentence has been settled. After a judgment for plaintiff has been obtained, the cause of action, which was theretofore *ex delicto*, is converted into a property right and the representative of the decedent is chargeable therewith, in common with all other assets, to the end that it may be pre-

served, protected and enforced. The amended sentence is but a more succinct statement than its predecessor to enable " subsequent proceedings " looking toward collection of the judgment to be maintained. But, in the event that the judgment itself is reversed on appeal, the representative of the deceased plaintiff may not be substituted for the purpose of conducting a new trial, as the cause of action itself has abated. (Civ. Prac. Act, § 82; Dec. Est. Law, § 120; General Construction Law, § 37-a.) Thus, in *Kelsey* v. *Jewett* (34 Hun, 11) this sentence was considered, and BARKER, J., writing, held (pp. 14, 15): " In our opinion if a verdict for a personal injury is set aside then the cause of action abates if the plaintiff dies before another trial is had, and that the sole purpose intended to be accomplished by the provisions of section 764 is to save to the estate of a deceased party the verdict, report or decision, which may have been rendered in his favor before his death. After a verdict or decision has been set aside as void or erroneous the case stands the same as if none had been rendered, the issues being untried and undetermined. The subsequent proceedings referred to in this action (*sic*) are the proceedings had in the case after perfecting judgment, or motions made or appeals taken in the action in due course of procedure, to test the validity of the judgment. For that purpose it is proper to substitute the personal representatives of the deceased party. When the party to an action dies after an appeal is taken from the judgment, the court having jurisdiction on appeal has power to order the legal representatives of the deceased to be substituted independent of the provision of the Code on the subject of substitution of new parties. (*Hastings* v. *McKinley*, 8 How. Pr. 175; 1 Wait's Pr. 155.) To give the section the construction contended for by the respondent would make a radical change in the law beyond what, as we think, was the intention of the Legislature. Such a construction would, in many cases, open the way for the most objectionable proceedings in courts of justice, and result in continuing active litigation, which should terminate with the death of either of the litigants. If we should hold, in the case now before us, that the action was not abated, then actions for slander, libel, breach of promise to marry may be tried *de novo* after the death of either the plaintiff or defendant in all cases where a verdict has been once rendered in favor of either party and set aside for cause."

But section 764 of the Code of Civil Procedure was amended (Laws of 1890, chap. 379) by adding the second of the two sentences above quoted, viz.: " And in case said verdict, report or decision is reversed upon questions of law only, said action does not abate by the death of the party against whom the same was rendered."

It will be noted that upon adoption of the present civil practice provision (Civ. Prac. Act, § 89) the conjunction " and " at the commencement of the sentence was omitted.

If this sentence stood alone, its construction would be difficult. It might then be plausibly argued, as indeed the respondent argues here, that it contemplated a new trial to be prosecuted by the representative of a deceased plaintiff whose judgment had been reversed on appeal. But, in the light of authority and background, it would seem that the sentence merely safeguards the right of further appeal when a judgment has been reversed on the law. The first sentence provides that, for the purpose of conducting subsequent proceedings, the action shall not abate by death of a party, as stated, and the second sentence relates to the same judgment, namely, " *said* verdict, report or decision " when reversal takes place on questions of law only. The sentence does not provide for and does not contemplate a trial *de novo*, in conflict with all prior adjudications and well-settled law, by or against the representative of a deceased party. This is the view of Carmody in his work on New York Practice (Vol. 2, § 769, pp. 1415, 1416), viz.: " Where, in a personal injury action, a verdict, report or decision, or a judgment based thereon, rendered in favor of the plaintiff, is reversed, the action does not abate by the death of the defendant ' if the reversal is upon questions of law only.' In such case, the plaintiff may apply for the substitution of the representatives of the defendant, in order to take an appeal in which he seeks to have the verdict, report, decision, or the judgment based thereon, reinstated. * * * But the action cannot be revived against the defendant's representatives for the purposes of a new trial, for the original cause of action has died with the death of the defendant." To the same effect is the tenor of the holding of this court in *Hughes* v. *Russell* (113 App. Div. 744), wherein it was held that (p. 746) " the cause of action abates in an action to recover for personal injuries where the verdict of the jury is set aside or judgment entered thereon reversed, when the party against whom the same was rendered dies before another trial is had."

That this view is correct seems implicit in the holding of the Court of Appeals in *McDonnell* v. *Gerken* (234 N. Y. 623) where judgment was reversed by the Appellate Division on the law and the facts and the complaint dismissed (197 App. Div. 446), and during pendency of appeal to the Court of Appeals one of the defendants died. A motion to substitute the representative of the deceased in defendant's place was denied, McLaughlin, J., writing (p. 624): " The Appellate Division had the right to reverse upon

the facts if it saw fit to do so. Having reversed on the facts, the cause of action, so far as Gerken was concerned, was gone. It did not survive his death. It is only where a reversal is upon the law alone that the action does not abate by the death of a party against whom the same is rendered. Section 764 of the Code of Civil Procedure (now section 89 of the Civil Practice Act) specifically provides that after verdict, report or decision in an action to recover damages for a personal injury, the cause of action does not survive, unless the reversal is upon questions of law only. Here, the reversal was upon the facts as well as upon the law. The judgment entered on the verdict, therefore, could not be reinstated and if the judgment of the Appellate Division should be modified by ordering a new trial it would be ineffective, because a judgment could not be rendered against Gerken or his representatives, since the cause of action as to him had, by his death, been extinguished. (*Molloy* v. *Starin*, 134 App. Div. 542; *Hughes* v. *Russell*, 113 App. Div. 744.) "

The appellants also argue that the word " same " in the phrase " the death of the party against whom the same was rendered," relates to the " said verdict, report or decision." Undoubtedly that is so, as it seems to be the clear purport of both sentences. The contention, then, is that survival follows only when a defendant dies, and that abatement for the purpose of further appeal takes place in the event of the death of the plaintiff, as here. That would be so if the statute were exclusive of general principles of law, but before the amendment, enacted in May, 1890, adding the second sentence, it was held in *Carr* v. *Rischer* (119 N. Y. 117, decided January, 1890) that, where a judgment for plaintiff in an *ex delicto* action had been reversed by the General Term (50 Hun, 147), after which both plaintiff and defendant died, it was proper for plaintiff's executrix to continue the appeal to the Court of Appeals for the purpose of sustaining the judgment, although the executor had no right to prosecute a new trial, viz. (p. 124): " But the action went to judgment before the death of either party. The original wrong was merged in the judgment, and that then became property with all the attributes of a judgment in an action *ex contractu*. Since the rendition of the judgment the controversy between the parties has been over the judgment, not over the original wrong. After the reversal of the judgment there could never be a new trial because there was no one living legally bound to respond for the wrong, or who could legally ask for its redress. The reversal of the judgment did not for every purpose strike it out of existence as if it had never had being. It still had a potential existence. The reversal was not final. The law gave opportunity by appeal for its restoration, and thus the controversy

over the judgment as property could be continued. The plaintiff by the appeal seeks to fasten upon the representatives of the deceased defendant, not responsibility for the original wrong, but for the judgment, and she seeks not to recover damages for the wrong, but to enforce and realize upon the judgment as an asset of the estate which she represents." Judge EARL, who wrote the opinion, continues by saying that neither section 764 of the Code of Civil Procedure nor its forerunner, section 121 of the Code of Procedure, contemplated the situation in question " and its disposition must depend upon the general principles of law above alluded to " (p. 126).

Whether or not these general principles have been limited by the subsequent amendment adding the second sentence need not now be decided, as it is clear that in any event the cause of action in the present case has abated with the death of plaintiff.

The order appealed from should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CARSWELL, SCUDDER, TOMPKINS and DAVIS, JJ., concur.

Order denying motion of defendants Markovits for judgment on the pleadings reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.