In the Matter of the Estate of JOHN MILLER, Deceased.

Surrogate's Court, Bronx County, March 23, 1936.

*Lesser & Lesser* for the executor, Harry Lesser.

HENDERSON, S.   The decedent brought an action in the Supreme Court, Bronx county, to recover damages for personal injuries sustained by him on June 6, 1935.   His death on September 20, 1935, was allegedly the result of such injuries.   His will has been probated in this court and letters testamentary have issued thereunder.

Subsequently the action was ordered to be continued in the name of the executor who was permitted to enlarge the complaint by the service of an amended complaint.

The executor now requests consent to the transfer of such action to this court pursuant to subdivision 9 of section 40 of the Surrogate's Court Act.

That statute is one of a group recently enacted (Laws of 1934, chap. 352) in the course of the modern legislative trend towards the unification and segregation in the Surrogates' Courts of litigation relating to the affairs and estates of decedents.   The specific intent, however, in the enactment of that particular group was the avoidance of delay in the prompt settlement of decedents' estates.   That is apparent from the text which permits transfers of actions at law only to Surrogates' Courts in a few specified counties, and from the well-known fact that in those counties actions at law are long delayed by reason of the congested calendars.   Hence, as a general rule, consent to such a transfer should be withheld unless it appears that otherwise the settlement of a decedent's estate would be delayed.

The present application is based, apparently, upon the recent changes in certain statutes relating to the survival of causes of action for personal injuries (Dec. Est. Law, §§ 119 and 120) by chapter 795 of the Laws of 1935.

Under these new sections, a cause of action for personal injuries sustained after August 31, 1935, is an asset of the injured person's estate and must be included in the settlement thereof.   The injuries to this decedent were sustained prior to September 1, 1935.   The cause of action thereby arising is governed by section 120 as it then existed (Laws of 1935, chap. 795, § 7), and was, therefore, extinguished upon the decedent's death because of the express exclusion thereof from the rights granted by that statute.   It is immaterial that the decedent died after the new section took effect.

Neither former section 120 nor new sections 119 and 120 affect a cause of action to recover damages for injuries resulting in death. The damages recovered therein form no part of the decedent's estate and may be accounted for apart from any settlement of his estate. (Surr. Ct. Act, § 252.)

No delay in the settlement of this estate having been demonstrated, the application is denied.

Submit order.