MARION BATES, Plaintiff, *v.* NEW YORK RAPID TRANSIT CORPORATION, Defendant.

Supreme Court, Special Term, Kings County, March 26, 1938.

*Harry Grayer*, for the plaintiff.

*G. D. Yeomans*, for the defendant.

HALLINAN, J. The plaintiff, Marion Bates, commenced this action for personal injuries on November 4, 1932, based upon an accident which is alleged to have occurred on November 20, 1931. She died on October 23, 1937.

A motion is now made for an order substituting Nellie R. Davis as administratrix, etc., of Marion Bates, deceased, as party plaintiff, and granting her leave to serve an amended complaint which alleges that the personal injuries received in the accident resulted in the intestate's death.

The defendant, in resisting this motion, contends that under section 89 of the Civil Practice Act, and under the authority of *Trampusch* v. *Kastner* (244 App. Div. 431), the action abated.

The plaintiff, on the other hand, asserts section 120 of the Decedent Estate Law (Laws of 1935, chap. 795), effective September 1, 1935, as the authority for the relief herein prayed for. The appropriate portion of that section reads as follows: " Where an action to recover damages for personal injury has been brought, and the injured person dies before verdict, report or decision, and his death is due to the injury, his executor or administrator may enlarge the complaint in such action to include the cause of action for wrongful death pursuant to section one hundred and thirty of this chapter."

It is urged that the decision in *Trampusch* v. *Kastner* (*supra*), having been rendered prior to the effective date of the above-quoted portion of section 120 of the Decedent Estate Law, is not controlling. In this, however, the plaintiff is mistaken, for section 7 of chapter 795 of the Laws of 1935 specifically states: " This act shall apply to all causes of action for injury to person or property arising after the effective date hereof. *All causes of action arising before* this act takes effect, shall be governed by *existing* law." (Italics mine.)

It is, therefore, clear that this action is not governed by the new section 120 of the Decedent Estate Law. It is immaterial that the intestate died after the effective date of the new section. (*Matter of Miller*, 158 Misc. 775. See, also, *Ament* v. *Bohack Co., Inc.*, 159 id. 584.)

Motion denied.