## VITTO v. FARLEY.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

REVIVAL OF ACTIONS—DEATH OF PARTY AFTER VERDICT.

　　In an action for personal injuries defendant died pending an appeal from an order setting aside a verdict for plaintiff, and plaintiff moved to substitute his personal representatives in defendant's stead. *Held*, that the verdict had a potential existence, and that the substitution should have been made, under Code Civ. Proc. § 764. which provides that, "after verdict * * * in an action to recover damages for personal injuries, the action does not abate by the death of a party, but the subsequent proceedings are the same as in a case where the cause of action survives."

Appeal from special term, New York county.

Action by Giacomina Vitto against Patrick Farley for personal injuries. From an order denying plaintiff's motion to substitute the executors under the last will and testament of defendant in the place

of defendant, who died after the commencement of the action, plaintiff appeals. Reversed.

For former report, see 36 N. Y. Supp. 1105.

The action was brought to recover damages for personal injuries to plaintiff alleged to have been caused by the negligence of the defendant. Before the death of the defendant, the action had been tried, and a verdict rendered in favor of the plaintiff for $750; and the verdict had, upon motion of the defendant, been set aside, and a new trial ordered, and from this order an appeal had been taken to the appellate division of the supreme court. The defendant died just after this appeal had been taken, and thereupon the motion was made, and the order entered from which the present appeal is taken.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edward W. S. Johnston, for appellant.

Edwin F. Stern, for respondent.

WILLIAMS, J.   It is provided by section 764, Code Civ. Proc., that:

"After verdict * * * in an action to recover damages for personal injuries, the action does not abate by the death of a party, but the subsequent proceedings are the same as in a case where the cause of action survives. * * *"

In Wood v. Phillips, 11 Abb. Prac. (N. S.) 1, which was an action for assault and battery, there was a verdict for plaintiff, and, on exceptions ordered to be heard in the first instance at the general term, a new trial was ordered. The plaintiff then died.   The administrator of plaintiff was brought into the action, and appealed to the court of appeals from the order made by the general term ordering a new trial.   The provision of the Code of Procedure then in force was the same as the provision above quoted, now in force.   The court held that the appeal could be prosecuted by the administrator for plaintiff, Rappallo, J., in his opinion, saying:

"A claim for damages for a purely personal wrong, while it remains unliquidated and unascertained by a verdict, dies with the person; but the intent of the Code * * * seems to be to prevent that result after the claim had been ascertained by verdict. In that case the verdict becomes property which passes to the representatives of the deceased, as a judgment would at common law.   It becomes the duty of the executor or the administrator to defend it for the benefit of the estate. If set aside after the death of the party, there seems to be no reason why the representatives should not be entitled to prosecute such appeal as the law allows for the purpose of having it restored.   He is not, in such a case, prosecuting an action for the original tort, but is endeavoring to save and restore the verdict.   So long as the right to review the action of the court in setting aside a verdict continues, it cannot be said that the verdict is absolutely annihilated, for it is still capable of being restored to life.   In the present case the death appeared to have taken place after the order for a new trial was granted, but this fact does not change substantially the rights of the parties. The right to appeal from the decision granting a new trial, and to proceed for the purpose of restoring the verdict, can be held to pass to the personal representatives on the same principle upon which the right to enforce the verdict passes to them."

In Carr v. Rischer, 119 N. Y. 117, 23 N. E. 296, which was a penal action under the manufacturing law, and which the court held was one of the actions that abated upon the death of one of the parties before verdict, the action had proceeded to verdict and judgment in

favor of plaintiff, and on appeal the general term had reversed the judgment, and ordered a new trial. Then the plaintiff died. Plaintiff's executor was brought into the case, and took an appeal from the decision of the general term to the court of appeals. Then the defendant died. The representatives of the defendant moved to dismiss the appeal to the court of appeals, on the ground that the action had abated by the death of the parties. The motion was denied, Earl, J., in his opinion, saying:

"The original wrong was merged in the judgment, and that then became property, with all the attributes of a judgment in an action ex contractu. Since the rendition of the judgment, the controversy between the parties had been over the judgment, not over the original wrong. After the reversal of the judgment, there could not be a new trial, because there was no living being legally bound to respond for the wrong, or who could legally ask for its redress. The reversal of the judgment did not for every purpose strike it out of existence, as if it had never had being. It still had a potential existence. The reversal was not final. The law gave an opportunity by appeal for its restoration, and thus the controversy over the judgment as property could be continued. The plaintiff, by appeal, seeks to fasten upon the representatives of the deceased defendant, not responsibility for the original wrong, but for the judgment; and she seeks not to recover damages for the wrong, but to enforce and realize upon the judgment as an asset of the estate which she represents. We therefore perceive no reason to doubt that the present controversy may continue without violating any rule of law, and for this conclusion we may invoke the principle laid down in Wood v. Phillips [above] as sufficient authority."

To the same effect is Hart v. Washburn (Gen. Term, 1st Dept.) 62 Hun, 543, 16 N. Y. Supp. 923.

These authorities are conclusive and satisfactory, and it needs no comment to show that the court erred in the denial of the motion, and making of the order here appealed from. The decision of the motion was placed upon the authority of Corbett v. Railway Co., 114 N. Y. 579, 21 N. E. 1033. In that case there had, however, been no verdict, but merely a nonsuit and a judgment in favor of the defendant thereon. An appeal had been taken by plaintiff to the general term, and the judgment had been reversed, and a new trial ordered. The defendant had then appealed to the court of appeals, and pending the latter appeal the plaintiff died. The representatives of the plaintiff sought to revive the action, and further prosecute it. The court held they could not do so, that there was no verdict or report, and that the nonsuit was not a "decision," within the meaning of the section of the Code. It will be seen that in that case the plaintiff's representatives had nothing of value which they could enforce. If the original nonsuit was upheld, they had nothing. If the order for a new trial was sustained, they could only hope to recover for the original wrong, and that would not be permitted. There had been no verdict or judgment for damages to restore or uphold. It will readily be seen that this decision was not in conflict with the former cases in the court of appeals, hereinbefore referred to, and was not an authority for the denial of the motion and the making of the order here appealed from.

The order appealed from must be reversed, with costs of the appeal, and the motion granted, with $10 costs, to abide event. All concur.