PEOPLE ex rel. WYNN v. GRIFENHAGEN, Sheriff. (No. 7011.)

(Supreme Court, Appellate Division, First Department. April 9, 1915.)

EXECUTION &#9758;29—PROPERTY SUBJECT TO EXECUTION—CORPORATE STOCK—"PERSONAL PROPERTY."

Under Code Civ. Proc. § 644, requiring the sheriff to execute a warrant of attachment by levying upon a sufficient amount of personal or real property not exempt to satisfy plaintiff's demand, section 647, providing that shares in the stock of a corporation may be levied upon, section 649, prescribing the manner in which the warrant of attachment shall be levied upon shares of stock and other property, section 650, requiring the president, secretary, etc., of the corporation, to furnish to the sheriff a certificate specifying the number of shares of the defendant in the corporation, section 674, requiring the sheriff to keep the attached property to answer any judgment obtained, section 708, providing that the sheriff to whom an execution is issued in an action in which a warrant of attach-

ment has been levied must satisfy it, if necessary, by a sale of the personal property attached, including shares of stock, section 1405, providing that goods and chattels not exempt and property expressly declared to be subject to levy by virtue of an execution are, when situated within the jurisdiction of the officer holding an execution, bound by the execution from the time of its delivery to such officer, and General Construction Law (Consol. Laws, c. 22) § 39, defining "personal property" as including chattels, money, things in action, and everything except real property, which may be the subject of ownership, certificates of stock in a foreign corporation owned by a nonresident are subject to attachment and to sale under an execution against him, where they are within the state in the possession of a bank for purposes of sale, together with assignments thereof in blank.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 61; Dec. Dig. ☞29.

For other definitions, see Words and Phrases, First and Second Series, Personal Property.]

Appeal from Special Term, New York County.

Mandamus by the People, on relation of Frank D. Wynn, against Max S. Grifenhagen, Sheriff of the County of New York, to require him to forthwith sell, as provided by law, by virtue of an execution duly issued to him, all the right, title, and interest of one Mackintosh in and to 755 shares of the capital stock of the British-American Manufacturing Company, now in his possession and custody, and to deliver the same, together with any and all assignments thereof now in his possession and custody as sheriff, to the purchaser, together with a certificate of sale. From an order directing that a peremptory writ issue, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

A. S. Gilbert, of New York City, for appellant.
H. C. S. Stimpson, of New York City, for respondent.

LAUGHLIN, J.  The execution was duly issued on the 18th day of January, 1915, on a judgment duly recovered by the relator against Mackintosh on the 16th day of the same month in an action in the Supreme Court in the county of New York, and the certificates of stock were delivered to the sheriff by the Citizens' Central National Bank, pursuant to a notice duly given to said bank by the sheriff in accordance with his duty under a warrant of attachment duly issued in the action on the 28th day of August, 1914, the said bank, at the time of the issuance of the warrant of attachment, having the actual possession of the certificates of stock in the county of New York, the same having been delivered to it by said Mackintosh, who was the owner thereof, for the purpose of selling them and receiving the proceeds for him.  Mackintosh was a nonresident of the state, and the British-American Manufacturing Company was a corporation duly organized under the laws of Delaware.  Pursuant to the notice of levy by the sheriff on the shares of stock under the warrant of attachment and the demand for a certificate of the property in its possession belonging to Mackintosh, the bank gave notice to the sheriff in due form

that it held the stock "for safe-keeping for Mr. Mackintosh's account," and thereafter and on the 19th day of January, 1915, the bank delivered the certificates of stock to the sheriff, together with assignments or transfers thereof in blank signed by Mackintosh. The certificates of stock were issued to Mackintosh in the county of New York some months prior to the date the warrant of attachment was issued, and at the time they were issued the British-American Manufacturing Company maintained "a secretary's office" in the county and state of New York, but did not maintain such office at the time the warrant of attachment was issued, and has not so maintained it since. The sheriff, after thus receiving the certificates of stock, declined to sell the same pursuant to the execution, and thereupon this proceeding was instituted.

No question has been raised with respect to the necessity for applying for a writ of mandamus, and no opinion is expressed on the question as to whether the relator was entitled to the particular form of relief granted. The question presented and argued is whether it was the duty of the sheriff to sell the certificates of stock, and that is the only question it is necessary to decide. The learned counsel for the sheriff contends that the sheriff is not authorized to levy upon and sell the interest of a nonresident defendant in the capital stock of a foreign corporation, and that since the remedy by attachment did not exist at common law, but is wholly statutory (Penoyar v. Kelsey, 150 N. Y. 77, 44 N. E. 788, 34 L. R. A. 248) authority therefor must be found in the provisions of the Code of Civil Procedure.

I am of opinion that the provisions of the Code of Civil Procedure authorized the attachment of these certificates of stock, and authorize the sale thereof under the execution. Section 644 of the Code of Civil Procedure requires the sheriff to execute a warrant of attachment duly delivered to him by levying upon a sufficient amount of the personal or real property of the defendant within his county, not exempt from levy and sale by virtue of an execution, to satisfy the plaintiff's demand with costs and expenses; and section 647 provides, among other things, that:

"The rights or shares which the defendant has in the stock of an association or corporation, * * * may be levied upon; and the sheriff's certificate of the sale thereof entitles the purchaser to the same rights and privileges, with respect thereto, which the defendant had when they were so attached."

Section 649 prescribes the manner in which the warrant of attachment shall be levied, and, so far as material to the question presented for decision, provides in subdivision 2 that the levy shall be made upon "personal property capable of manual delivery, including a bond, promissory note, or other instrument for the payment of money, by taking the same into the sheriff's actual custody," and in subdivision 3 :

"Upon other personal property, by leaving a certified copy of the warrant, and a notice showing the property attached, with the person holding the same; or, if it consists of a demand, other than as specified in the last subdivision, with the person against whom it exists; or, if it consists of a right to share in the stock of an association or corporation, or interests or profits thereon, with the president, or other head of the association or corporation, or the secretary, cashier, or managing agent thereof."

Section 650 provides that upon the application of the sheriff—

"the president or other head of an association or corporation, or the secretary, cashier, or managing agent thereof, or a debtor of the defendant, or a person holding property, including a bond, promissory note, or other instrument for the payment of money, belonging to the defendant, must furnish to the sheriff a certificate, under his hand, specifying the rights or number of shares of the defendant in the stock of the association or corporation, with all dividends declared or incumbrances thereon; or the amount, nature, and description of the property, held for the benefit of the defendant, or of the defendant's interest in the property so held, or of the debt or demand owing to the defendant, as the case requires."

Section 674 provides, among other things, that the sheriff must keep the property attached "to answer any judgment that may be obtained against the defendant in the action." Section 708 provides, among other things, that the sheriff to whom an execution against property is issued upon a judgment for the plaintiff in an action in which a warrant of attachment has been levied, must satisfy it if necessary by a sale of the personal property attached "including rights or shares in the stock of an association or corporation." Section 1405 of the Code of Civil Procedure, relating to the lien of an execution upon personal property and the levy upon and sale of personal property generally, provides as follows:

"The goods and chattels of a judgment debtor, not exempt, by express provision of law, from levy and sale by virtue of an execution, and his other personal property, which is expressly declared by law to be subject to levy by virtue of an execution, are, when situated within the jurisdiction of the officer, to whom an execution against property is delivered, bound by the execution, from the time of the delivery thereof to the proper officer, to be executed; but not before."

I have quoted the provisions of said section 1405 for the reason that counsel for the appellant attaches significance thereto. The question here presented, however, is not what property was bound by the execution, or when it became bound thereby, but whether the certificates of stock were subject to levy under the warrant of attachment and sale under the execution after they came into the possession of the sheriff. These certificates of stock were personal property, within the statutory definition contained in section 39 of the General Construction Law, which prescribes that:

"The term personal property includes chattels, money, things in action * * * and everything, except real property, which may be the subject of ownership."

The point decided in Plimpton v. Bigelow, 93 N. Y. 592, was that a warrant of attachment could not be levied upon the shares of stock owned by a nonresident in a foreign corporation merely by giving notice to the secretary of the corporation within this state, pursuant to the provisions of section 649 of the Code of Civil Procedure. In that case, the certificates of stock were not within this state, and the court rightly held that the provisions of section 649 of the Code of Civil Procedure authorizing the levy upon the capital stock by giving notice to officers of the corporation relate to domestic corporations only; but the general observations contained in the opinion to the effect that it is the interest of the shareholder in the surplus assets of the corporation

on dissolution only which may be levied upon on account of the owner-ship of certificates of stock, and that such levy must necessarily be made in the jurisdiction where the company is incorporated, were not essential to the decision, and have not been followed in subsequent decisions by the same court.

In Simpson v. Jersey City Contracting Co., 165 N. Y. 193, 58 N. E. 896, 55 L. R. A. 796, it was held that the interest of a nonresident own-er of the capital stock in a foreign corporation pledged to and in the pos-session of a resident of the state as security for a debt, was subject to attachment here, and that the purchaser on a sale thereof pursuant to execution would obtain good title to the stock subject to the lien of the pledgee. In that case Judge Gray, writing for the majority of the court, in discussing the question as to whether the defendant's in-terest in the pledged stock constituted property within this state, said:

"The truth is that it did have property here, in the common acceptation of the term, as well as in the eye of the law. Certificates of stock are treated by business men as property for all practical purposes. They are sold in the market and they are transferred as collateral security for loans, and they are used in various ways as property. They pass by delivery from hand to hand and they are the subject of larceny. See In re Whiting, 150 N. Y. 27 [44 N. E. 715, 34 L. R. A. 232, 55 Am. St. Rep. 640]."

In People ex rel. Hatch v. Reardon, 184 N. Y. 431, 77 N. E. 970, 8 L. R. A. (N. S.) 314, 112 Am. St. Rep. 628, 6 Ann. Cas. 515, Judge Vann, writing for a unanimous court, in sustaining the Stock Transfer Act as applicable to the transfer of certificates of stock in foreign as well as in domestic corporations, said, among other things:

"But, even assuming that a tax on the sale of property is, in effect, a tax on the property itself, what are certificates of stock, and how may they be treated by the state for the purpose of taxation? They may be treated as property from the function they perform and the use that is made of them. They may well be regarded as a distinct species of property, for they now represent the bulk of property in the state and are the universal medium of transfer. As we said in a recent case: 'The main use of certificates is for convenience of transfer, and they are treated by business men as property for all practical purposes. They are sold in the market, transferred as collateral security to loans and are used in various ways as property. They pass by delivery from hand to hand, are the subject of larceny, and are taxable generally in this state.' Matter of Whiting, 150 N. Y. 27, 30 [44 N. E. 715, 34 L. R. A. 232, 55 Am. St. Rep. 640]. Although issued by a foreign corporation and owned by a nonresident, if they are found within the state they may be seized under a warrant of attachment. Simpson v. Jersey City Contracting Co., 165 N. Y. 193 [58 N. E. 896, 55 L. R. A. 796]. Speaking of the nature of a share of stock, Mr. Justice Nelson declared it to be 'a distinct, independent interest or property, held by the stockholder like any other property that may belong to him, and, of course, subject to like taxation.' People v. Com'r, 4 Wall. 244, 258 [18 L. Ed. 344]. And in another case it was said: 'Shares of stock may be within a state and the property of the corporation outside of it.' Kidd v. Alabama, 188 U. S. 730, 733 [23 Sup. Ct. 401, 47 L. Ed. 669]. * * * We think that the tax, whether it is regarded as a tax on the sale of stock cer-tificates or on the certificates themselves, touched neither person nor property without the jurisdiction of the state."

In Lowenthal v. Hodge, 120 App. Div. 304, 105 N. Y. Supp. 120, this court unanimously held that the stock of a foreign corporation, owned by a nonresident, but pledged here, is subject to the levy of a warrant of attachment against the owner, by notice to the pledgee, who has a

right to retain the possession by virtue of his lien. If the interest of a nonresident owner in the capital stock of a foreign corporation, which is pledged as security for a debt within this jurisdiction, is subject to the levy of an attachment, I fail to see upon what principle the stock in question was not subject to the levy of the attachment. Here the bank had no lien, but it had possession, with authority to sell, and by the assignments executed in blank by the owner the purchaser would become entitled to have the stock transferred to his name on the books of the company in the foreign jurisdiction. I am of opinion, therefore, that certificates of stock, whether of a domestic or a foreign corporation, are personal property within the contemplation of the provisions of the sections of the Code of Civil Procedure relating to the levy of a warrant of attachment.'

It follows, therefore, that the order should be affirmed, with $10 costs and disbursements. All concur.