AJAX CRAFTSMEN, INC., Respondent, *v.* CHARLES N. WHINSTON et al., Appellants, Impleaded with Others.

(Argued September 30, 1935; decided November 19, 1935.)

*Joseph Feldman, Herbert M. Rosenberg* and *Louis Rosenberg* for appellants. There never was a valid levy and sale pursuant to execution of the certificates of stock. (*Hutchison* v. *Ross,* 262 N. Y. 381; *Holmes* v. *Camp,* 219 N. Y. 359; 2 Cook on Corporations [8th ed.], § 480; *First Nat. Bank* v. *State of Maine,* 284 U. S. 312; *Blodgett* v. *Silberman,* 277 U. S. 1; *Pardee* v. *Leitch,* 6 Lans. 303.)

*Louis Stone* for respondent. Stock certificates are subject to levy and sale under execution. (*People ex rel. Wynn* v. *Grifenhagen,* 167 App. Div. 572; *Yazoo & Mississippi R. R. Co.* v. *City of Clarksdale,* 257 U. S. 10; *Simpson* v. *Jersey City Contracting Co.,* 165 N. Y. 193; *Plimpton* v. *Bigelow,* 93 N. Y. 592; *Pardee* v. *Leitch,* 6 Lans. 303.) Certificates of shares of stock are not mere choses in action, but are property, with all the incidents of tangible property. (*Bayer* v. *Doscher,* 139 App. Div. 324; *McNeeley* v. *Welz,* 166 N. Y. 124; *Clark* v. *Warren,* 7 Lans. 780; *Matter of Enston,* 113 N. Y. 174; *Matter of James,* 144 N. Y. 6; *Matter of Bronson,* 150 N. Y. 1; *Matter of Whiting,* 150 N. Y. 27; *Cummings* v. *Clark,* 282 Fed. Rep. 300; *Blake* v. *Foreman Bros. Banking Co.,* 218 Fed. Rep. 264; *Beal* v. *Carpenter,* 235 Fed. Rep. 273; *Pierpont* v. *Hoyt,* 260 N. Y. 26; *Agar* v. *Orda,* 144 Misc. Rep. 149; 264 N. Y. 248; *Friedman* v. *Bachmann,* 234 App. Div. 267; *Lockwood* v. *U. S. Steel Corp.,* 209 N. Y. 375; *Hutchison* v. *Ross,* 262 N. Y. 381; *Wills* v. *Investors*

*Bankstocks Corp.*, 257 N. Y. 451.) It is section 643 of the Civil Practice Act which determines what property is subject to execution and not section 679, which is solely a liening statute. (*Handy* v. *Dobbin*, 12 Johns. 220; *Matter of Liberty Lumber Co.*, 6 Fed. Supp. 397; *Williams* v. *Standard Oil Co.*, 219 App. Div. 193; *Ellis* v. *Rickett*, 177 App. Div. 411; *Baker* v. *Hull*, 250 N. Y. 484; *Jones* v. *Huter*, 136 Misc. Rep. 49; *Matter of Kogan*, 141 Misc. Rep. 412.) Section 915 of the Civil Practice Act does not apply to outstanding stock certificates. It authorizes the granting of a warrant of attachment against intangible rights in or to stocks or bonds. (*American Surety Co.* v. *Kasco Mills, Inc.*, 149 Misc. Rep. 10; 262 N. Y. 585; *General Motors Corp.* v. *Ver Linden*, 199 App. Div. 375; *Simpson* v. *Jersey City Contracting Co.*, 165 N. Y. 193; *Plimpton* v. *Bigelow*, 93 N. Y. 592; *People ex rel. Wynn* v. *Grifenhagen*, 167 App. Div. 572; *Frederick* v. *Chicago Bearing Metal Co.*, 221 App. Div. 588.) Stock certificates are within the statutes authorizing execution against property. (*Matter of Loomis*, 149 Misc. Rep. 417; *Mitchell* v. *Leland Co.*, 246 Fed. Rep. 103; *Puget Sound Nat. Bank* v. *Mather*, 60 Minn. 362; *Allen* v. *Williams*, 212 Ill. App. 114; *Mulock* v. *Ulizis*, 102 N. J. L. 251; *Wallach* v. *Stein*, 102 N. J. L. 517; 103 N. J. L. 470; *Progressive* v. *Rudolph*, 172 Atl. Rep. 884.)

FINCH, J. This appeal comes before us upon an order of the Appellate Division, certifying the question: " Does the complaint state facts sufficient to constitute a cause of action? "

The complaint, in so far as necessary to dispose of the point of law raised upon this appeal, shows a judgment obtained by this plaintiff-respondent upon which an execution was issued. Thereafter the marshal purported to levy upon two certificates of stock in the defendant corporation. Pursuant to this levy, the marshal sold to the plaintiff all the right, title and interest of the judgment

debtors in these certificates. Plaintiff seeks to enforce the rights which it claims to have acquired as a purchaser at this sale.

The sole point of law presented for decision, therefore, is whether the marshal could make a valid levy upon and sale of the stock.

The Civil Practice Act expressly provides: " The goods and chattels of a judgment debtor, * * * and his other personal property which is expressly declared by law to be subject to levy by virtue of an execution, are bound by the execution, when situated within the jurisdiction of the officer to whom an execution against property is delivered, from the time of the delivery thereof to the proper officer to be executed, but not before." (§ 679.)

Certificates of stock are not bound by the execution unless they are either " goods," " chattels " or " other personal property which is expressly declared by law to be subject to levy by virtue of an execution." Although for many purposes stock certificates are now regarded as tangibles and in the nature of goods or chattels (*Agar* v. *Orda*, 264 N. Y. 248; *Pierpoint* v. *Hoyt*, 260 N. Y. 26), yet the Legislature has not included stock certificates in the words " goods and chattels " as employed in this section. This phrase " goods and chattels," as used in section 679 of the Civil Practice Act, is an ancient phrase of limited meaning. This appears from the provision in section 687 of the Civil Practice Act, which was enacted for the purpose of binding by an execution evidences of debt issued by a moneyed corporation to circulate as money and bonds. If " goods and chattels " were used in the Civil Practice Act in a broad sense, evidences of debt and bonds would be included within the term and it would be unnecessary to have this additional provision expressly binding by execution evidences of debt of moneyed corporations and bonds. The narrow sense in which the words " goods and chattels " are used makes it necessary for evidences of debt and bonds to be provided for as subject to a levy through execution in accordance

with the second clause concerning " personal property which is expressly declared by law to be subject to levy by virtue of an execution." So, too, section 915 of the Civil Practice Act permits the sale by the sheriff of rights or shares which the defendant has in stock or in bonds, provided they have been previously levied on under a good attachment. This section would be superfluous if stock certificates were intended to come within the meaning of the " goods and chattels " clause.

Certificates of stock, therefore, not being " goods and chattels " within the meaning of those words as employed in section 679, we must look elsewhere to determine whether there is any express authorization of the right to levy. Section 687 of the Civil Practice Act provides that " The officer to whom an execution against property is delivered must levy upon and sell a bill or other evidence of debt belonging to the judgment debtor, which was issued by a money corporation to circulate as money, or a bond or other instrument for the payment of money belonging to the judgment debtor, which was executed and issued by a government, state, county, public officer, or municipal or other corporation, and is in terms negotiable, or payable to the bearer or holder." This does not include stock certificates, since it deals only with the levy upon evidences of debt issued by a moneyed corporation to circulate as money and negotiable or bearer bonds or other instruments for the payment of money issued by a corporation. Nor does section 174 of the Personal Property Law (Cons. Laws, ch. 41) grant the necessary authority. That section provides: " No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined. * * * " Obviously this deals only with the method of levy of

attachment or levy of execution after prior attachment, as provided for in section 915 of the Civil Practice Act.

It is urged that section 643 of the Civil Practice Act, and not section 679, is the section which determines what property is subject to levy by execution. Section 643, however, merely prescribes the requisites of an execution against property. It provides that the execution must require the judgment to be satisfied out of personal property but, if sufficient personal property cannot be found, out of real property. Section 679, on the other hand, is the applicable section and determines the personal property out of which a judgment may be satisfied by execution.

The case of *People ex rel. Wynn* v. *Grifenhagen* (167 App. Div. 572) has been cited by some text authorities as holding that stock certificates are subject to levy by execution. That decision, however, did no more than decide what section 915 of the Civil Practice Act clearly provides, namely, that stock certificates are subject to levy by execution where there has been a prior valid attachment. *Simpson* v. *Jersey City Contracting Co.* (165 N. Y. 193) and *Plimpton* v. *Bigelow* (93 N. Y. 592) are also cases in which the levy by execution was preceded by attachment.

We reluctantly come to the conclusion that neither the Civil Practice Act nor any other statute provides for a levy by execution on stock certificates in the absence of a prior attachment. An inflexible procedure enacted by the Legislature and binding upon the courts, prevents the judiciary from authorizing a procedure in keeping with the dealings of the modern business world regarding property in stock certificates. The courts are still bound by an archaic provision enacted when stock certificates were not the common property that they now are. We commend this anachronism to the attention of the Legislature.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in all courts, and the question certified should be answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.