THE GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LTD., OF PERTH, SCOTLAND, et al., Respondents, *v.* THE ZERBE CONSTRUCTION COMPANY, INC., Appellant.

228

(Submitted October 25, 1935; decided November 20, 1935.)

*Everett W. Bovard* and *Leo Potts* for appellant. The cause of action of the insurance company alleged in the complaint cannot be maintained in the courts of this

State. (*United States F. & G. Co.* v. *Graham & Norton Co.*, 254 N. Y. 50; *Lang* v. *Brooklyn City R. R. Co.*, 217 App. Div. 501; 247 N. Y. 551; *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273; *Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367; *Matter of Proper* v. *Polley*, 259 N. Y. 516; *Matter of Cameron* v. *Ellis Const. Co.*, 252 N. Y. 394; *Matter of Whitmire* v. *Blaw-Knox Const. Co.*, 263 N. Y. 675; *Schubert* v. *Finkelstein*, 244 N. Y. 583; *Miller* v. *N. Y. Railways Co.*, 171 App. Div. 316; *Baeringer* v. *City of N. Y.*, 212 App. Div. 857; *Herzog* v. *Stern*, 264 N. Y. 379; *Fitzpatrick* v. *International Ry. Co.*, 252 N. Y. 127; *Hartford Accident & Indemnity Co.* v. *Chartrand*, 239 N. Y. 36; *Jensen* v. *Southern Pacific Co.*, 244 U. S. 205; *International Stevedoring Co.* v. *Haverty*, 272 U. S. 50; *Dahl* v. *Robbins Dry Dock & Repair Co.*, 266 U. S. 449; *Globe Indemnity Co.* v. *Atlantic Lighterage Corp.*, 244 App. Div. 97; *Ætna Life Ins. Co.* v. *Moses*, 287 U. S. 530; *Travelers Ins. Co.* v. *Lee & Simmons, Inc.*, 241 App. Div. 835.) If the plaintiffs are entitled to the benefits of the Connecticut statutes, then the defendant is also entitled to the benefits of the same statutes. (*Massolini* v. *Driscoll*, 114 Conn. 546; *Pascoal* v. *Mortensen*, 109 Conn. 39; *Fox* v. *Fafnir Bearing Co.*, 107 Conn. 189; *Crane* v. *Peach Bros.*, 106 Conn. 110; *Bello* v. *Notkins*, 101 Conn. 34; *Bogoratt* v. *Pratt & Whitney*, 114 Conn. 126; *Palumbo* v. *Fuller*, 99 Conn. 353.) Plaintiffs failed to establish any liability of the defendant. (*Quigley* v. *Thatcher*, 207 N. Y. 66.)

*Daniel Mungall, Ralph O. L. Fay* and *James A. Nooney* for respondents. The appeal as to the respondent insurance company should be dismissed because of the unanimous affirmance rule. (*De Santis* v. *Luger*, 255 N. Y. 562; 257 N. Y. 476.) The proof established one cause of action with an equitable interest in the insurer in the workman's recovery. (*Phœnix Indemnity Co.* v. *Staten Island R. T. Ry. Co.*, 251 N. Y. 127; 281 U. S. 98;

*Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397; *Casualty Co.* v. *Swett Electric Light & Power Co.*, 174 App. Div. 825; *Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273; *Roecklein* v. *American Sugar Ref. Co.*, 222 App. Div. 540; *Travelers Ins. Co.* v. *Peet & Powers*, 212 App. Div. 814; 241 N. Y. 617; *U. S. Casualty Co.* v. *Chieffetz*, 232 App. Div. 155; *Royal Indemnity Co.* v. *White Eng. Corp.*, 120 Misc. Rep. 332; *Lumber Mut. Cas. Ins. Co.* v. *Thompson, Inc.*, 134 Misc. Rep. 370; *Matter of Hertell*, 135 Misc. Rep. 36; *Loucks* v. *Standard Oil Co.*, 224 N. Y. 99; *Hartford Accident & Indemnity Co.* v. *Chartrand*, 239 N. Y. 36; *Lassell* v. *City of Gloversville*, 217 App. Div. 323; *Drinkwater* v. *Dinsmore*, 80 N. Y. 390.) The common law liability of the defendant was fully established by the undisputed proof. (*Maleeny* v. *Standard Shipbuilding Corp.*, 237 N. Y. 250; *Huston* v. *Dobson*, 138 App. Div. 810; *Fuller* v. *Mulcahy & Gibson*, 164 App. Div. 829; *Lyons* v. *McNulty Bros.*, 77 Misc. Rep. 176; *Ross* v. *Delaware, L. & W. R. R. Co.*, 231 N. Y. 335.)

LEHMAN, J. The plaintiff Joe Yanish, a resident of the State of Connecticut, hired in Connecticut by an employer resident there, was injured in an accident while temporarily working for his employer in the State of New York. Because the accident arose out of and in the course of his Connecticut employment, the injured workman filed a claim in that State under its Workmen's Compensation Law and received an award there for his injuries. The award was paid by the insurance carrier, General Accident Fire and Life Assurance Corporation, Ltd. Then the injured workman and the insurance carrier, claiming that the injuries to Joe Yanish were caused by the negligence of the defendant, who is not the employer of Yanish, joined as plaintiffs in bringing this action against the defendants. In the complaint they set up, *first*, a cause of action in favor of the insurance carrier for the amount of the award against it, and *second*, a cause of action in favor of the injured workman, and

they demand separate judgments on each cause of action. A judgment against the defendant in favor of the plaintiff General Accident Fire and Life Assurance Corporation, Ltd., in the sum of $843, and in favor of Joe Yanish in the sum of $1,500, was modified by the Appellate Division "by reducing the amount of the recovery of the plaintiff Joe Yanish to the sum of $1,172.50."

Under the Workmen's Compensation Law of the State of Connecticut, where an employee sustains injuries, an employer or an insurance carrier may bring an action against a person, other than the employer, who is under a legal liability to pay damages in respect to such injuries. Recovery is limited to the compensation paid by the employer or insurance carrier, or which by an award the employer or carrier is obligated to pay. The employee also has a right of action, but the statute contemplates and makes provision for the joinder of an employee and employer in a single action in which the damages should be apportioned. If the Connecticut statute can be given effect outside of that State and is applicable in an action brought in this State, then the two plaintiffs properly pleaded separate causes of action and joined them in a single complaint.

The accident occurred here. The action has been brought here, and the right of the plaintiffs to maintain this action must be determined under the law of this State. (Cf. American Law Institute, Restatement of the Law of Conflict of Laws, §§ 378 and 588; *Herzog* v. *Stern*, 264 N. Y. 379.) Under the law of this State, a cause of action to recover damages for a personal injury cannot be transferred (Pers. Prop. Law [Cons. Laws, ch. 41], § 41), and cannot be split up. (*United States F. & G. Co.* v. *Graham & Norton Co.*, 254 N. Y. 50.) The common law right of the injured employee to bring an action for the recovery of all the damages for personal injuries caused by the defendant remains unimpaired by the Connecticut statute, and the insurance carrier has no independent cause

of action. For that reason the defendant urges upon this appeal that the judgment in favor of the insurance carrier should be reversed.

In form the complaint is defective, and a judgment in favor of the insurance carrier upon a divided cause of action is erroneous. The question remains whether the defendant is aggrieved by the error and may complain of it. If the action had been brought by the injured workman as sole plaintiff, he would have been entitled to recover all the damages which have been recovered by the two plaintiffs upon a division of the common law cause of action. Acceptance of the award by the injured workman did not divest him of title to his common law cause of action against the party causing the injury; it did not diminish the damages resulting from the injury or increase the liability of the wrongdoer. The wrongdoer could not claim the benefit of the compensation paid under the statute for those injuries, but the insurance carrier, which was obligated to pay such compensation under the provisions of the statute and of the contract of insurance, would in equity be subrogated to a portion of the injured workman's cause of action, or at least to a portion of any recovery upon that cause of action. (Cf. *Ocean Accident & Guarantee Corp.* v. *Hooker Electrochemical Co.*, 240 N. Y. 37.) The statute in effect decrees the division of a common law cause of action in a case where even in the absence of a statute, a court of equity might decree a division of the recovery. Thus the defendant cannot claim that the judgment in favor of the two plaintiffs upon a divided cause of action is larger than the judgment to which the single plaintiff, who originally owned the entire cause of action, would have been entitled, if the action had been brought upon the undivided cause of action.

" The rule against splitting causes of action is a salutary one. In the absence of some statutory mandate to the contrary, the alleged wrongdoer should not be put twice

to his defense on the same cause of action." (*United States F. & G. Co.* v. *Graham & Norton Co., supra,* p. 55.) That does not mean that the courts will not recognize and protect the rights of one who is equitably entitled to a part of the recovery. (Cf. *Ocean A. & G. Corp.* v. *Hooker Electrochemical Co., supra.*) Ordinarily, indeed, a party equitably entitled to a portion of a recovery should be made a party to an action brought upon an indivisible cause of action in order to afford the defendant full protection against a subsequent claim, and the defendant is not aggrieved by a provision in the judgment apportioning the recovery among all those who have a legal or equitable right to share therein. Our decision in *Lang* v. *Brooklyn City R. R. Co.* (247 N. Y. 551) is not inconsistent with what we have said here. The circumstances were different there, and a majority of the court indicated that under similar circumstances the court would permit a person equitably entitled to a portion of a recovery to be joined as a party plaintiff in an action at law upon an indivisible cause of action.

Though the defendant may properly urge that the insurance carrier has under the law of the State no independent cause of action against it, the defendant cannot successfully urge that where the insurance carrier is made a party to an action brought by the injured workman, the court may not apportion the recovery. The owner of the entire cause of action is in court; the judgment is for the damages which are properly recoverable upon that cause of action, and the defendant, by a division of that recovery, is not subjected to the burden of being put to his defense twice upon the same cause of action. The defendant is in no wise aggrieved by, or interested in, the division of the recovery.

Since the judgments in favor of the two plaintiffs, though separate in form, are recovered upon a single cause of action, the modification of the judgment in favor of one plaintiff permits an appeal from the entire judg-

ment without permission. Upon that appeal we have examined the whole record and find that the cause of action for negligence has been sustained.

The judgment should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Judgment affirmed.