SERGE RUBINSTEIN, Plaintiff, v. ANDRE RUBINSTEIN, Defendant.

Supreme Court, Special Term, New York County, May 5, 1941.

*Frank L. Miller*, for the plaintiff.

*Peter J. Haberkorn*, for the defendant.

WALTER, J. Motion to vacate *ex parte* order for examination under section 1094-a of the Civil Practice Act is granted. The section authorizes an examination only in an action to recover a chattel, and the complaint here refers only to shares of stock and makes no reference to any certificate representing or evidencing such shares. Even if it had referred to such certificate I think the result would be the same. Certificates of stock are personal property, but they are not chattels. (*Ajax Craftsmen, Inc.*, v. *Whinston*, 269 N. Y. 7; Gen. Constr. Law, § 15; *Niles* v. *Mathusa*, 162 N. Y. 546; *Crocker Fire Prevention Corp.* v. *Jacobs*, 235 App. Div. 216.) When the Legislature, upon the recommendation of the Judicial Council, changed the holding in the *Ajax Craftsmen's* case (*supra*), that such certificates are not subject to levy under an execution, it did so not by amending section 679 of the Civil Practice Act or section 15 of the General Construction Law so as to include them in the phrase " goods and chattels," but by enacting separate provisions specifically subjecting them to executions. (Laws of 1936, chap. 153, amdg. Civ. Prac. Act, § 687, and Pers. Prop. Law, § 162.) To hold that such certificates are chattels would create needless uncertainty and complications by apparently making them subject to the law relating to chattel mortgages. (See *Niles* v. *Mathusa*, *supra*.)