## SAPER v. DELGADO et al.

### No. 152.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1945.

Robert H. Epstein, of New York City, for appellant.

Milton N. Redman, of New York City, for appellees.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

This appeal by a bankruptcy trustee from the denial of a turnover order raises the interesting question whether the trustee succeeds to the bankrupt's claim for personal injuries which has gone to verdict, but not to judgment, before the bankruptcy. Here the bankrupt recovered a verdict of $1,000 in the Supreme Court of New York on September 29, 1943, against 835 Kelly Street, Inc., which the defendant duly moved to set aside. The bankrupt filed her voluntary petition October 19, 1943. The court denied the motion November 15, and entered judgment on the verdict November 20, 1943. When the trustee herein sought a turnover order for the amount of the judgment, the bankrupt's attorney pressed his lien and there were other claims against the fund; but the parties have settled the amount of the attorney's lien, and the other possible claimants have defaulted. Hence the original defendant is now prepared to pay the balance to the person entitled to it, and the issue is therefore between the bankrupt and her trustee only.

There can be no doubt that, if at the time of filing the petition the bankrupt can be said to have had merely a right of action for personal injuries sustained as a result of the defendant's negligence, the referee's denial of the trustee's motion was in accordance with law. For even before the more explicit provisions were added in 1938 to Bankruptcy Act, § 70, sub. a(5), 11 U.S.C.A. § 110, sub. a(5), it was well settled that actions for injury to the person did not pass to the trustee. Sibley v. Nason, 196 Mass. 125, 81 N.E. 887, 12 L. R.A.,N.S., 1173, 124 Am.St.Rep. 520, 12 Ann.Cas. 938, and cases cited. And the proviso now appearing in the section specifically states that such rights of action shall not vest in the trustee unless by the law of the state they are subject to attachment, execution, garnishment, sequestration, or other judicial process. Under New York law rights of action for personal injury are not subject to any such judicial process. Thus, as pointed out in the referee's well reasoned opinion, they are not subject to execution under N.Y. Civil Practice Act, §§ 679, 687, cf. Ajax Craftsmen, Inc., v. Whinston, 269 N.Y. 7, 198 N.E. 611; Rubinstein v. Rubinstein, 176 Misc. 823, 28 N.Y.S.2d 68, and they are not subject to attachment under N.Y.C. P.A. § 916, which is restricted to claims for debt or contract, or to an estate or trust fund. Nor are such rights of action subject to garnishment under N.Y.C.P.A. § 684, for this will lie only against wages, earnings, debts, salary, income from trust funds, or profits due or to become due. Moreover, the defendant against whom an action for personal injury is pending would not be subject to a third-party order as one having property of a judgment debtor, the transfer or other disposition of which may be restrained. N.Y.C.P.A. § 779; cf. Brearton v. Morgan, 257 App. Div. 34, 12 N.Y.S.2d 99.

With this the appellant agrees, but he asserts that the rendition of a verdict upon the right has made it ripen into assignable property vesting in the trustee under the general provisions of § 70, sub. a(5), even though not subject to levy or seizure. Board of Trade of City of Chicago v. Johnson, 264 U.S. 1, 44 S.Ct. 232,

68 L.Ed. 533; Pollack v. Meyer Bros. Drug Co., 8 Cir., 233 F. 861; In re Evans, D.C.Idaho, 235 F. 956. But he must rely upon New York law to show that a right to a verdict is more assignable than the original right itself, and we find little there to support his contention. Indeed, N. Y. Personal Property Law, Consol.Laws, c. 41, § 41 (1, 2), seems fairly conclusive, for a personal injury claim is stated in paragraph 1 to be nontransferable; while a judgment upon it is transferable under paragraph 2, with, however, the limitation so revealing as to legislative intent that, if the judgment is vacated or reversed, its transfer does not transfer the claim "unless the latter was transferable before the judgment was recovered." Moreover, the cases cited to us which seem most nearly in point, such as Mackey v. Mackey, 43 Barb., N.Y., 58, and Nash v. Hamilton, 3 Abb.Prac.,N.Y., 35, and cf. also Roberts v. Carter, 17 How. Prac.,N.Y., 341, preceded the enactment of the sections of the former Code of Civil Procedure, from which Personal Property Law, § 41, is derived, and appear to be superseded by it. Incidentally these all dealt with the rather special issue of preserving the attorney's lien against a setoff claimed against the client, which equity would protect even though a verdict was not generally transferable. Zogbaum v. Parker, 55 N.Y. 120, 126; and cf. Pulver v. Harris, 52 N.Y. 73.

■ Other authorities cited by the trustee seem to us clearly not to support his contention. Cases such as Wood v. Phillips, 11 Abb.Prac.,N.S.,N.Y., 1; Vitto v. Farley, 6 App.Div. 481, 39 N.Y.S. 683; Lyons v. Third Ave. R. Co., 30 N.Y.Super. Ct. 605, 7 Rob. 605; Kelsey v. Jewett, 34 Hun, N.Y., 11; and Trampusch v. Kastner, 244 App.Div. 431, 279 N.Y.S. 665, hold that an action for personal injury is not abated by death subsequent to verdict, and may be continued by the decedent's personal representative; but this is specifically provided for by N.Y.C.P.A. § 89, and in any event is not significant here. In re Funk, D.C.W.D. Va., 2 F.Supp. 555, affirmed Ruebush v.

Funk, 4 Cir., 63 F.2d 170. For while the survivability statute operates to transform the personal injury action into one for injury to the property, which clearly vests in the trustee, In re Fahys, D.C.S.D.N.Y., 18 F.Supp. 529, this does not mean that all such actions are thus transformed by rendition of a verdict, where no question of survivability has arisen. Such a conclusion would obviously prove too much; it would make all personal injury claims assignable property, as N. Y. Decedent Estate Law, Consol. Laws c. 13, § 119, passed in 1935, has provided generally for their survivability. It is settled, however, that such claims are not assignable in New York, even today. General Acc. Fire & Life Assur. Corp. v. Zerbe Const. Co., 269 N.Y. 227, 231, 199 N.E. 89; City of New York v. Barbato, Mun.Ct., 5 N.Y.S.2d 125; Abbondola v. Kawecki, 177 Misc. 122, 29 N. Y.S.2d 530; Personal Property Law, § 41, supra. The cases dealing with survivability, therefore, are irrelevant to the issue before us.

■ Equally irrelevant is Robinson v. Govers, 138 N.Y. 425, 34 N.E. 209; Id., N. Y., 34 N.E. 514, much pressed upon us by the appellant, which simply held that a widow's right to a gross sum in lieu of dower did not abate upon her death, where, although a referee's order making the award had been confirmed, the court had not yet entered a formal order. The only issue decided was one of survivability of the widow's claim, held to abate on her death under the then law. Howell v. Newman, 59 Hun 538, 13 N.Y.S. 648; Youngs v. Goodman, 240 N.Y. 470, 473, 148 N.E. 639; cf. In re Stevens' Will, 154 Misc. 415, 277 N. Y.S. 459. The action thus concerned a particular problem of the old law of dower which can teach us little as to the assignability of personal injury claims. We conclude, therefore, that the result reached below was correct. Ruebush v. Funk, supra; 4 Collier on Bankruptcy, 14th Ed. 1942, 1170.

Affirmed.