Aron Steuer, J.
The nature of the action is a suit to recover certain securities or their value. Plaintiff’s claim is that he pledged these securities to secure a loan made to him by the corporate defendant. He tendered the amount of the loan and interest but could not get his securities. He also claims that these securities were re-hypothecated with the defendants Ackerman contrary to his agreement with the corporate defendant, of which agreement he claims the Ackermans had knowledge. By this motion he seeks to enjoin the Ackermans from *740 engaging in any further transactions in regard to the securities. He also seeks an order of arrest on the ground that the defendants have concealed or disposed of his property. These defendants deny that they have any of these securities in their possession.
As far as the injunction is concerned if the defendants do not have any of the securities they cannot be harmed by an order forbidding them to deal with the securities. It is only if their denials are false that they would be restricted. If their denials are false they should be restricted.
On the question of arrest it is first contended that this remedy will only lie in an action to recover a chattel (Civ. Prae. Act, § 826) and in this connection shares of stock are not chattels. This was true prior to 1952 (Rubenstein v. Rubenstein, 176 Misc. 823, affd. 264 App. Div. 763). In that year section 15 of the G-eneral Construction Law was amended to provide that where reference was made to chattels in a statute in' an action to recover the same the term chattels shall include shares of stock among other things. The argument that the statute referred to is limited to article 66 of the Civil Practice Act dealing with replevin is not warranted.
However from earliest times arrest has been regarded as a drastic remedy and its use prior to trial is reserved for cases where the right is clear and the damage likely if arrest is not granted (Burns v. Newman, 274 App. Div. 301). Here these conditions are not met. Motion granted as to injunction. Denied as to balance.