S. Samuel Di Falco, S.
This application to compromise an action for personal injuries and to judicially settle the account of the administratrix was granted pursuant to a stipulation wherein the United States of America and the Department of Hospitals, objectants to the account consented to a settlement in the amount of $4,500, the payment therefrom of the attorney’s fee and funeral expenses and the deposit of the balance of $1,951.15 with the City Treasury to abide the decision of this court as to the preference and priority existing between these creditors in this insolvent estate,
*767 The Department of Hospitals makes claim to the sum of $2,158 as a statutory lienor pursuant to section 189 of the Lien Law of the State of New York.
The United States asserts a claim for unpaid income taxes against the estate in the sum of $1,190.36 as a result of assessments made against the decedent on July 6, 1956.
The decedent was injured on March 20, 1958 and was treated at a city hospital from that date to June 12, 1958 a total of 84 days resulting in a bill of $2,158. An action for personal injuries was commenced in the Supreme Court, New York County. The amount of the hospital bill, $2,158, was claimed by the plaintiff in his bill of particulars sworn to June 13, 1959. During the pendency of the action the plaintiff died on March 23, 1960, and the administratrix was thereafter substituted as plaintiff. An offer of $4,500 in compromise was made by the defendant in the action giving rise to the instant proceeding.
It is significant that the petition herein sought to allocate the entire proceeds to a personal injury action. No allocation was made to a wrongful death action despite the fact that the petition alleges that the decedent ‘1 did die from causes related to the subject matter arising out of the accident.” All interested parties were cited and only the United States and the Department of Hospitals appeared. At a hearing set for the disposition of objections filed, pursuant to their stipulation, all of the proceeds were allocated to the action for personal injuries. Hence, the court is not here concerned with any priorities set forth in section 133 of the Decedent Estate Law.
Any amount allocable to damages for wrongful death may very well be academic in view of the protracted treatment of the decedent and his survival for almost two years after the accident. It must also be noted that the offer of $4,500 was fair considering that the limit of the policy of the casualty company insuring the defendant taxicab company was only $5,000 and that a serious question of contributory negligence on the intestate’s part was alleged.
Before treating the question of priorities at hand, it must be noted that by letter dated August 23, 1961 the division of collections of the Department of Hospitals revised the bill to the sum of $1,474.73. That letter addressed to the plaintiff’s attorney says:
“ This revision, which is to be for the sole use and benefit of the plaintiff, is made solely depending upon the facts and information given in your communication providing there are no other claims, actions or suits pending arising out of this accident *768 and the gross settlement does not exceed the amount mentioned above.
“If it subsequently transpires that this information is not substantially correct, this revision is withdrawn, and the original bill substituted in place thereof.”
The objections filed by the Department of Hospitals do in fact indicate that the revision was withdrawn and the original amount of $2,158 was claimed. The United States does not question the amount of the hospital’s claim, the amount having been conceded at the hearing and if the hospital has priority in this case it is entitled to the entire fund at issue.
The applicable statutes are section 189 of the Lien Law: “ 1. * * * every county, city * * * operating and maintaining a hospital shall to the extent hereinafter provided have a lien upon any and all rights of action, suits, claims * * * of any nature whatsoever, of any person receiving emergency treatment or admitted to any such hospital and receiving treatment, care and maintenance therein, on account of any personal injuries received within a period of one week prior to receiving emergency treatment or admission to the hospital and as the result of the negligence, wrongful act or any other tort, of any other person or persons or corporation, which any such injured person or the legal' representative of such injured person, in case of death as the result of such injuries, may or shall have, assert or maintain against any such other person or corporation for damages on account of such injuries, for the amount of the reasonable charges of such hospital, for such treatment, care and maintenance of such injured person at cost rates in such hospital.” And section 191 of title 31 of the United States Code: “Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed.”
In 1960 the Supreme Court of the United States treated the question of priority between a statutory lien under the Lien Law of New York and a Federal tax lien. Chief Justice Warren wrote: “The threshold question in this case, as in all cases where the Federal Government asserts its tax lien is whether and to what extent the taxpayer had ‘ property ’ or ‘ rights to *769 property ’ to which the tax lien could attach. In answering that question, both federal and state courts must look to state law, for it has long been the rule that1 in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property * * * sought to be reached by the statute. ’ ” In this case the issue as to the nature of the taxpayer’s legal interest was sent back to the State court for determination (Aquilino v. United States, 363 U. S. 509, 512-513).
The question at hand, therefore, is what was the decedent’s interest in the subject matter at the time of his death.
The decedent had a right of action for personal injuries which at the time of his death had not been reduced to judgment and was therefore not subject according to New York law to attachment, execution, garnishment, sequestration or other judicial process. The defendant in the pending action could not be subjected to a third-party order as one having property of a judgment debtor (Saper v. Delgado, 146 F. 2d 714 [C. C. A.]). This right of action was not assignable by the decedent during his lifetime (Personal Property Law, § 41, subd. 1). Had the decedent been involved in bankruptcy proceedings prior to a settlement of the personal injury action, its proceeds would not have been payable to a trustee in bankruptcy (U. S. Code, tit. 11, § 110, subd. a, par. 5).
It follows that at the moment of his death the subject matter, with which the court is here concerned was not property but only a right of action. The decedent at that time in fact had no estate. There was no property to which the lien of the United States for income taxes could attach. In interpreting section 189 of the Lien Law, the Appellate Division of this Department has held: ‘ ‘ The validity of such a lien under the special, limited, and very carefully circumscribed circumstances prescribed by the statute arises from the explicit language of the Lien Law itself. The lien exists against the proceeds of personal injury claims of persons admitted on account of such injuries to the hospital within a week after the injury for which the claim is made. * * * The right of a publicly maintained hospital to recover the value of medical and surgical services was upheld in Matter of Kocko v. Harris Coal Co. (262 N. Y. 535) and again in Goldwater v. Fisch (261 App. Div. 226); and the present provisions of the Lien Law place the charitable hospital and the public hospital in the same position in respect of the filing and enforcing of the statutory lien (§ 189, subd. 1).’'’ (Matter of Meyer v. New York Hosp., 7 A D 2d 60, 64.)
*770 In Goldwater v. Fisch (supra, p, 227) the court held the plaintiff’s attorney liable to the hospital for failure to pay its bill upon settlement of the claim and said: “ When the proceeds of the settlement were paid over to defendant, as attorney for Charles Pugh, the equitable title of the city of New York for the amount of its claim ripened into a legal title and defendant, having full knowledge of the city’s interest, was obligated to pay to the plaintiff the sum to which the city was entitled. ’ ’
It is significant that at the time of settlement the city had “ legal title ” in the amount of its claim. The decedent were he alive could never come into possession of any moneys due to the hospital. The Lien Law requires a deduction from any recovery before the plaintiff is paid.
At common law the decedent’s action for personal injuries would have died with him. By statute the cause of action may be continued by his legal representative (Decedent Estate Law, § 119). The State having by statute created the right of recovery it may by statute direct deduction from any recovery of the hospital bill before any money comes into the hands of the legal representative. In this case there will be no “ estate in the hands of the executors or administrators ” pursuant to section 191 of title 31 of the United States Code. Were this settlement made upon the same terms during the decedent’s lifetime no • money would have come into his hand except for a balance, after deduction of the attorney’s fee and the hospital bill. The Government’s lien for those taxes could only attach to that balance. The action for personal injury being cloaked with immunity granted by State and Federal statutes, the lien for taxes attaches only after payment of any balance to the plaintiff and not before.
It must be borne in mind that it was the very services rendered by the hospital that form a substantial portion of the fund which is the subject of disposition here.
Is this hospital lien any different from the mechanic’s or artisan’s liens that are created by the same Lien Law? The Government could not claim priority over a garageman who had improved the plaintiff’s automobile had it been involved in the very same occurrence which gave rise to the personal injury action (Lien Law, § 184; Cranford Co. v. Leopold & Co., 189 Misc. 388, affd. 273 App. Div. 754, affd. 298 N. Y. 676). Property damage as an element of the recovery would first be payable to the one who made the repairs. Is the hospital which rendered treatment for body injuries in any different situation? This court is of the opinion that the hospital whose bill is an essential element of the special damages recovered is entitled to be paid *771 after the attorney, and funeral expenses, before any other creditor.
Having concluded that the decedent’s right of action was not property and that there is no estate in the hands of the administratrix, the court will not treat with the line of cases which grant an exemption from the Government’s priority to transfers, pledges, mortgages, specific and perfected liens on property (United States v. Texas, 314 U. S. 480; Matter of Gruner, 295 N. Y. 510 and cases cited).
Even if the right of action were deemed to be property this court is of the opinion that the lien of the Department of Hospitals is specific and by concession of the Government, at the hearing, the city had taken all necessary steps under section 189 of the Lien Law with respect to this claim and it is, in any event, exempt from the priority afforded to the United States by section 191 of title 31 of the United States Code.
It is the opinion of this court that the lien of the Department of Hospitals is superior to the claim of the United States. The balance now in the City Treasury is payable to the Department of Hospitals of the City of New York.