Anthony M. Livoti, J.
Motion by defendants Schlosser and 0 ’Brien for summary judgment dismissing the complaint. Cross motion by the plaintiffs for summary judgment in their favor.
This action is brought to enforce an instrument assigned by the defendant Schlosser purporting to assign to the plaintiffs the proceeds of any recovery that said defendant might obtain in an action for personal injuries brought by him against the remaining defendants other than 0 ’Brien, who was his attorney in that action. The purported assignment to the plaintiffs was made to induce them to extend certain notes secured by a chattel mortgage covering a luncheonette business purchased by Schlosser’s wife.
A cause of action for personal injuries cannot be assigned. (Personal Property Law, § 41; General Acc. Fire & Life Assur. Corp. v. Zerbe Constr. Co., 269 N. Y. 227, 231.)
Plaintiffs claim, however, that Schlosser did not assign the cause of action for personal injuries but merely the proceeds thereof. At best this is a distinction without a difference. Cases involving rights of subrogation under the Workmen’s Compensation Law or liens for hospital services are not applicable here. The instant assignment was made in connection with business interests totally unconnected with plaintiffs’ cause of action.
Neither can the instant agreement be upheld on the theory of an equitable assignment. There cannot be an equitable assignment if a legal assignment would be prohibited by statute. If the law were otherwise it would permit an evasion of the public policy of the State, as expressly set forth in the statute above cited.
The motion for summary judgment dismissing the complaint is granted. The cross motion of the plaintiffs is denied.